POMPEY HIGGINS *v.* THE LOUISVILLE, NEW ORLEANS AND TEXAS RAILROAD COMPANY.

RALROAD COMPANY.  *Willful wrong.  Punitive damages.*

A verdict for five hundred dollars damages is not excessive against a railroad company for carrying a passenger three-fourths of a mile beyond where he had a right to be stopped and then harshly refusing to back the train to the usual stopping-place, so that he was compelled to get off in the dark and rain at a muddy place, and walk back to the proper stopping-place or else to remain on the train.

APPEAL from the Circuit Court of Warren County.

HON: RALPH NORTH, Judge.

Pompey Higgins bought a ticket at Vicksburg for Warrenton from the Louisville, New Orleans and Texas Railroad Company. He boarded a freight train of the company and was carried nearly three-fourths of a mile beyond the usual stopping-place at Warrenton. He requested the conductor to back the train to Warrenton, which the conductor, in a harsh manner, refused to do. Higgins then got out and walked back, the night being dark and rainy,

and the place where he got out wet and muddy.   He then brought this action against the railroad company, alleging that the defendant " willfully and wrongfully refused to back said train to said station."   The jury found for the plaintiff and assessed the damages at five hundred dollars.   The defendant appealed.

*Murray F. Smith,* for the appellant.

The court should have granted the motion for a new trial on the second trial, because the verdict was excessive.

The plaintiff's testimony to show malice was the refusal of the conductor to back the train up to a point where he desired to get off and where there was no station ; according to the plaintiff's witness, and according to the plaintiff's own testimony, the total distance he had to walk in consequence of his being put off is about twelve hundred yards.   He says the conductor also " spoke kind of harsh."   The plaintiff does not allege or prove any special damage.   I submit that this is too slight a foundation to build such a monstrous and excessive a verdict as was given in this case.

There was a time when the juries in this State were allowed to go to the limit, nay, beyond the limit, of good sense and reason in the matter of awarding punitive damages.

The verdict in the Hurst case has been again and again criticised as being shocking to common sense and reason, and this court has time and again restrained the unreasoning and agrarian prejudice of juries against railroad corporations, until the doctrine has become established that juries cannot give away a railroad or two at any term of court.

I submit that the verdict in this case was grossly excessive, and that the court should award a new trial if it shall be of opinion that there was no error in granting the motion for a new trial after the first trial.

*J. M. Gibson,* for the appellee.

This was one of those cases in which punitive damages are commendable, and tend to the protection of helpless individuals who are forced to intrust themselves to the mercy of the petty bosses of passenger trains.

The damages were small, and, in fact, were not enough to

have covered the plaintiff's actual damages in way of mental suffer-
ing and sickness. There were more aggravated acts in the conduct
of the defendant in this case than there were attending the case of
Judge Hurst, and his verdict was in the thousands.. This is only
for a few hundred.

We ask the court's attention to the case of Judge Hurst and to
the case of *Storm* v. *Green*, 51 Miss. 108 ; *M. & C. R. R.* v. *Green*,
52 Miss. 779.

Cᴀᴍᴘʙᴇʟʟ, J., delivered the opinion of the court.

The recovery of five hundred dollars is not an undue punish-
ment of the appellant for the wanton wrong done the appellee by
carrying him nearly three-quarters of a mile beyond the point
where he had a right to be stopped, *i. e.*, the usual stopping-place
for passengers.

*Affirmed.*