YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* JACOB P. ADEN.

1. RAILROADS. *Passenger. Carried beyond destination. Night time. Dangerous route. Proximate cause.*

If a railroad passenger be carried in the night time beyond the place called for by his ticket, and discharged at a point from which it is necessary to walk, in going to his destination, along a path containing dangerous obstructions, the danger of injury from such obstructions is not, as a matter of law, an unnatural, improbable or remote consequence of his discharge at such point.

2. SAME. *Contributory negligence.*

Whether a plaintiff's injuries in such case were due to contributory negligence is a question of fact.

FROM the circuit court of Sharkey county.

HON. WILLIAM K. MCLAURIN, Judge.

Aden, the appellee, was the plaintiff in the court below; the railroad company was defendant there. The plaintiff recovered a judgment for $250 in the circuit court, and the defendant appealed to the supreme court.

The facts are sufficiently apparent from the opinion of the court.

*Mayes & Harris,* for appellant.

The following facts cannot reasonably be disputed, and they are the material facts of the case:

1. The plaintiff was carried by his station.

2. The conductor told him that in a few minutes the train would reach Smedes Station, and the plaintiff told the conductor he did not want to get off at Smedes.

3. The conductor offered, as the next best thing, to take him to where he would meet another train, and told him that the other train would carry him to his destination by 12 o'clock the next day.

4. The plaintiff was fully acquainted with the surroundings and dangers attending the walk back on the railroad track from the place where he was put off to Valley Park, and that the conductor insisted that he should not get off.

The contention of appellant is that the plaintiff was entitled, under these circumstances, only to nominal damages. Certainly he could not recover for the injury sustained by falling into the trestle and the results following that injury.

It is too well settled to require the citation of authorities that in a case of this character the plaintiff can only recover for such injuries as directly, naturally and proximately result from the negligence complained of, and, therefore, we insist that the fall into the trestle, caused by a miscalculation on the part of the plaintiff, caused damages not recoverable in this case, and that the court erred in refusing the instruction asked by the plaintiff on this line.

The cases cited by the appellee do not support his contention that the railroad company is liable for the injury sustained by the plaintiff from the accident which occurred after he got off the train.

We will take the cases up seriatim:

1. *Mobile, etc., R. R. Co.* v. *McArthur,* 43 Miss., 180. This case decides only one point, and that is that it is error for the court, on overruling a demurrer to the evidence, to enter up a judgment for the amount of damages claimed in the declaration without awarding a writ of inquiry and submitting the question of damages to the jury.

2. *Thompson* v. *New Orleans, etc., R. R. Co.,* 50 Miss., 315, holds that under the facts of that case the plaintiff was only entitled to recover nominal damages, although he was carried by his destination on one train and sent back by another, which also carried him by. The court held that nominal damages only could be recovered.

3. *Higgins* v. *Louisville, etc., R. R. Co.,* 64 Miss., 80, decides that $500 damages is not excessive against a railroad company for carrying a passenger three-fourths of a mile beyond where he had a right to be put off, and then harshly refusing to back the train to the proper stopping place so that he is compelled to get off in the dark and rain at a muddy place and walk back to the proper stopping place, or else remain on the train.

4. *Kansas City, etc., R. R. Co.* v. *File,* 67 Miss., 373, decides that in the absence of malice, insult or wilful wrong, where a passenger train has failed to stop at a flag station, and the passenger for such station jumps off and walks back two hundred yards, and there is no proof of actual damages, nominal damages only can be recovered from the railroad company, and that exemplary damages are not recoverable.

In fact no case has arisen in our court presenting the state of facts which are presented here. The nearest approach to this case is the case of *Louisville, etc., Ry. Co.* v. *Mask,* 64 Miss., 738, which, however, is not cited by the appellee, and is not on all fours with the case at bar. In the Mask case the court held that the injury sustained by Mask was the proximate result of his being compelled to get off the train which had carried him by his station, causing him to miss his conveyance and to walk through the mud and rain to his home, in consequence of which he was made sick. In that case, the injury to Mask directly and naturally flowed from the negligence of the company. Such is not the case at bar. It did not directly, naturally or proximately result from the carrying by that the plaintiff would fall into a trestle, the existence of which was

well known to him, by a misstep on his part, a mere accident, and there are ample authorities to sustain the contention of the appellant that for such injury, and the result therefrom, the plaintiff should not have been allowed to recover, and that the court should have instructed that these matters were not to be considered in estimating the damages.

Where the facts are undisputed, as in the case at bar, it is for the court to determine what is the proximate cause of the injury complained of. 60 Missouri, 288.

This case is very similar, though a stronger case for the railroad company, to the case of *Lewis* v. *Railroad Co.*, 54 Michigan, 55.

Other cases in support of our contention are: *Railroad Co.* v. *Cole,* 66 Texas, 562; 26 Mo., 288; 21 Mo. App., 99; *Hobb* v. *London, etc., R. R. Co.*, L. R., 10 Q. B. Cases, 111; *Indiana, etc., R. R. Co.* v. *Guerney,* 71 Ill., 319.

*McLaurin & McKnight,* for appellee.

The plaintiff's choice was a compulsory one, and the appellant is liable for the actual damages sustained. *Mobile, etc., R. R. Co.* v. *McArthur,* 43 Miss., 180; *Thompson* v. *New Orleans, etc., R. R. Co.,* 50 Miss., 315; *Higgins* v. *Louisville, etc., R. R. Co.,* 64 Miss., 80; *Kansas City, etc., R. R. Co.* v. *Fite,* 67 Miss., 373.

The question of fact whether plaintiff was injured while in the exercise of ordinary care and prudence was fairly submitted to the jury on correct instructions, and the verdict ought to be conclusive of the issue. The question of actual damages was also so submitted, and the verdict thereon should not be disturbed.

The record does not show that appellee was well acquainted with the place where he was hurt. It shows that he was walking on the best place there was, in fact the only place where he could have walked, and he was keeping the best lookout that he could under the circumstances. He was not careless, or at fault,

in not seeing since the night was so dark, as he swears, that he could not see.

WHITFIELD, J., delivered the opinion of the court.

This case is very meager and unsatisfactory on the point as to whether the appellant was familiar with his surroundings and knew of the trestle. He was not once asked that question by either party. He requested to be taken back to the place for which his contract called, but this the conductor declined to do. The track was surrounded on both sides by water, so that there was no practicable route back to his destination save over the roadbed of the appellant. The choice submitted to him under the circumstances was a compulsory one. *Higgins* v. *Louisville, etc., R. R. Co.,* 64 Miss., 80; *Louisville, etc., R. R. Co.* v. *Mask,* 64 Miss., 738.

The only serious question in the case is whether the injury sustained is the natural and proximate consequence of the conduct of appellant. There is conflict in the evidence as to the character of the night—whether starlight or not—and there is an utter absence of any proof as to the character of trestle, beyond the mere fact that it was a trestle.

We have carefully considered all the cases cited by learned counsel for appellant, and we think this case falls within the principles announced in *Winkler* v. *St. Louis, etc., Ry. Co.,* 21 Mo. Appeals, 106, 107. The court, on a state of facts very like those here, say: "If a passenger, instead of being discharged at the place called for in the contract of carriage, is discharged in the night time at another place, so that in getting to his place of destination it becomes necessary to walk along a path containing a dangerous obstruction, it is not too much to say that the danger of his being injured by such obstruction is a danger which the carrier ought to foresee, and that it is not an unnatural, improbable or remote consequence of the act of discharging the passenger in such a place." The passenger there, as here, had no practicable route, except along the track

itself, and, in that case, he did not ask the conductor, as here, to back the train to his station.

The case of *Lewis* v. *Railway Co.*, 54 Mich., 55, is unlike this case in its facts. It is made perfectly plain in that case that the plaintiff "knew the place well, and that on the track he must cross an open cattle guard to reach the highway" (p. 57). And it is further shown (p. 65) that "he had voluntarily started south, with the expectation of crossing the cattle guard on that side, over which he might, or might not, find a plank laid, when by stepping back a few rods where he supposed the station house to be, he might have passed from thence out to the highway by the passageway for persons and vehicles leading from the station house to it, and thereby have avoided the cattle guard altogether."

This appellant was compelled to take the route along the railroad track, and no other, to get to his destination. See, also, *Texas & Pa. Ry. Co.* v. *Cole,* 66 Texas, 562. The testimony shows that appellee used the best care he could in his situation. Under these circumstances, whether his injury was due to contributory negligence or recklessness on his part, was a question of fact for the jury. See *Lewis* v. *Railway Co.,* 54 Mich., at page 58; and *Galveston, etc., Railway Co.* v. *Crispi,* 73 Texas, at page 239.

*Affirmed.*