## I. & G. N. R'y Co. v. Lydia R. Gilbert.

### (Case No. 1851.)

1. PASSENGER AND CARRIER — CONDUCTOR — NEGLIGENCE.— It is well settled that a person who, by mistake, gets on a different train from the one he intended taking passage on, is a passenger on the train he boards, and the relation of passenger and carrier exists between him and the company. Following R'y Co. *v.* Powell, 40 Ind., 37, and Barker *v.* R'y Co., 24 N. Y., 599.

2. FACT CASE.— See opinion for facts held sufficient to notify a conductor of a female passenger's ignorance of the railroad routes, and to make it his duty to examine her ticket, or inquire what route she wished to travel.

3. RAILWAY COMPANY — DAMAGES.— If a passenger, through the fault of servants of a railway company, takes the wrong train, it is the duty of the company to return him in safety to the place where the mistake was made, or leave him at a convenient place until a return train arrives; if the passenger is ejected at an uncomfortable and an unsafe place, the company is liable in damages for the bodily and mental suffering caused thereby, as well as for the injuries resulting from the effort to reach a place of comfort and safety.

4. EVIDENCE — CUSTOM.— Proof of custom cannot be admitted to contradict a fact plainly proved by positive testimony.

5. DAMAGES.— Damages for bodily and mental suffering must be largely left to the discretion of the jury. Unless outside influences excite their passions and prejudices so that they abuse this discretion, the verdict will not be interfered with on appeal.

APPEAL from Gregg. Tried below before the Hon. Wm. Steadman, Special Judge.

Suit against appellant for damages for having been, as appellee alleged, improperly put off of a train of defendant's cars a short distance from Longview Junction on the night of the 31st of December, 1881. Appellee alleged that she arrived at Longview Junction

about dark on the 31st of December, 1881, from Decatur, Alabama, and had a first-class ticket authorizing her to travel over the railroads owned and operated by the Texas & Pacific Railway Company from Texarkana by way of Longview Junction to Terrell, Texas; that appellee was then an emigrant to, and an entire stranger in, Texas, and was traveling with no other companions than her sister and her sister's two small children; that the Texas & Pacific Railway formed a connection at Longview Junction with the defendant's railroad, and that the train on which appellee came from Texarkana to Longview Junction then and there became part of a passenger train of cars which was run from Longview Junction towards Palestine, Texas, over defendant's railroad; that appellee, upon her arrival at Longview Junction, fearing she might not be on the train which would carry her towards Terrell, as soon as she had an opportunity, inquired of the conductor, who at the Junction was an agent and employee of defendant, if she was on the right train, and was by him requested to keep her seat, which she did, believing she was on the train which ran to her destination; that being a stranger she did not know where she was, and that the conductor took charge of the train on which she had traveled from Texarkana to Longview Junction and caused the train to be moved off in the direction of Palestine, instead of towards Terrell; that it was dark when the train moved out from Longview Junction; that after it had proceeded some four or five miles, the conductor (being the same who had taken charge of the train at the Junction) came through the cars collecting fare, and called on appellee for her ticket, when she showed him the same one on which she had traveled from Alabama to Longview Junction; that he looked at the ticket, and in the presence of the passengers who were traveling on the train, in an insulting manner threw it down on the floor of the car, and for the first time informed plaintiff that she and her sister were not on the right train, and in an angry and insulting manner informed them that he would have to put them off, and that they must get off the train; that the conductor then caused the speed of the train to be slacked, called a brakeman or porter to assist him, and in a rough and angry manner put the appellee and her sister and children off the train while it was moving slowly. Appellee charges that the conductor assaulted her and that her life was endangered in being put off the train, and then sets forth at great length various grounds of damage, such as that the place where she was put off was not a usual stopping place; that it was an abandoned saw-mill site; that few people, and those principally, if not

all, negroes, lived there; that the night was dark; that she and her sister and children had to walk back to Longview Junction, a distance of four or five miles, through the swamp of the Sabine river, over the railroad track and over a high railroad bridge; had to hire a negro man to pilot them, and that he became rude and insulting; that she suffered from fatigue and the damp night, and that her feet were swollen from walking; that she suffered much bodily pain and mental anxiety from fright, etc.

The appellant's answer consisted of a general demurrer and seven special exceptions (the four last of the special exceptions being mainly directed to the insufficiency of the grounds of damage alleged by appellee), a general denial, and special allegations setting up that appellee was not a passenger on appellant's cars, was not invited or misled into going there by appellant or the servants or agents of appellant; that she was not put off the cars, but voluntarily got off; that she was offered the opportunity to go on to Troupe and from there to Mineola (by paying passage only from Troupe to Mineola), where she would be again on the Texas & Pacific Railway, and could go to her destination, or to get off the train of defendant where she did, and wait a short time until the passenger train from Palestine to Longview Junction came up, when she could return on that train to the Junction without expense; that she voluntarily elected to get off the train and walk back to Longview Junction. The last paragraph of the answer alleged that if appellee was injured at all, her injuries were not caused by the acts of appellant or its servants, but resulted from the contributory negligence of appellee.

The case was tried February 3, 1885. The exceptions of appellant to appellee's petition were overruled. Verdict and judgment for appellee for $6,500.

Clements, a witness for defendant, was introduced to prove, by the custom of railroads in stamping tickets, the time when the tickets on which plaintiff traveled must have been sold, as indicated by the letters and figures stamped on them. The evidence when they were sold was positive, and this evidence of custom was excluded.

*F. B. Sexton*, for appellant, on negligence, cited: Pierce on American Railroad Law (ed. of 1867), pp. 274, 276; Field's Law of Damages, secs. 170 and 171, sec. 32, subd. 10; Sedgwick on Damages, pp. 56, 101, 534; 2 Redfield on the Law of Railways (4th ed.) sec. 193; H. & T. C. R. R. Co. *v.* Nixon, 52 Tex., 25; Penn. R. R. Co.

*v.* Vandever, 36 Penn. St., 298; Railroad Co. *v.* Le Gierse, 51 Tex., 189; Gulf, Colorado & Santa Fe Railway Company *v.* Greenlee, 62 Tex., 351; Western Union Tel. Co. *v.* Brown, 62 Tex., 540.

On damages, he cited: Field on Damages, p. 8, secs. 11, 12; Sedgwick on Measure of Damages, pp. 56, 101, 534; 2 Greenl. on Ev. (10th ed.), sec. 256; 1 Sutherland on Damages, pp. 56, 57, 67; 3 Sutherland, pp. 254–5; Indianapolis R. R. Co. *v.* Birney, 71 Ill., 391.

*T. M. Campbell, W. B. Wynne, Jno. W Duncan* and *D. W. Grow,* for appellee, on negligence, cited: H. & T. C. R'y Co. *v.* Devainy, 63 Tex., 174; T. & P. R'y Co. *v.* Casey, 52 Tex., 121.

On damages, they cited: R. S., art. 2246; Pollard *v.* T. & P. R'y Co., Willson's Ct. App. Civil Cases, vol. 2, 424.

WILLIE, CHIEF JUSTICE.— The general and special demurrers to the petition were properly overruled.

It is alleged that the plaintiff, before leaving Longview, inquired of the conductor of the defendant's train if she was in the right train, to which he replied by telling her to keep her seat. This was equivalent to saying that she was on the right train. It is objected that it does not appear that she informed the conductor as to where she wanted to go. We think that this does sufficiently appear from the above allegations when taken in connection with others found in the petition. The plaintiff was on a train upon which she had just arrived over the Texas & Pacific Railroad, upon which road her place of destination, according to her ticket, which was a through ticket from Decatur, Alabama, to Terrell, Texas, was situated. This train, upon its arrival at Longview, was run upon an entirely different track, belonging to the defendant company, which did not lead to her place of destination. The conductor knew that this train had come over the Texas & Pacific Railway track, and that at Longview passengers upon that train could continue their journey by way of this same track, or go by way of the defendant's road in a different direction to other and different places. He therefore knew that travelers, unacquainted with these facts, were liable to make mistakes and take the wrong train at this point. The very question asked by the plaintiff put him upon notice that she was ignorant of the running of the trains; and the fact that she was a woman, traveling apparently without a male companion, should have made him doubly careful to see that she did not take the wrong train. It was no excuse to say that she did not show him her ticket, and hence he could not tell where she wanted to go. It was his

duty, under the circumstances, to call for her ticket, or at least to inquire as to the route she wished to travel.

It is also objected that the petition makes the plaintiff a trespasser, and not a passenger, upon defendant's road.

It is a principle too well settled to require further elucidation, that a person who, by mistake, gets on a passenger train other than the one upon which he intended to take passage, is, nevertheless, a passenger upon the train he is on, and the relation of passenger and carrier exists between him and the company. R'y Co. *v.* Powell, Adm'r, 40 Ind., 37; Barker *v.* R'y Co., 24 N. Y., 599.

The case of the plaintiff is stronger. She was on defendant's train, not solely through her own mistake, but by the fault and negligence of the conductor of the train, whose duty it was to see that she made no such mistakes.

It is also urged by way of demurrer that the damages claimed were not the natural, direct and proximate results of the acts charged by plaintiff to have been committed by defendant's servants. As one ground of damage it is alleged that the plaintiff, a helpless and unprotected woman, was subjected to great bodily and physical pain from being rudely ejected from the cars by the conductor and porter, in the presence of the other passengers, the conductor at the same time using insulting language towards her. As another ground it is alleged that she suffered bodily and mentally from being thus put off in a dark, cold night, in the swamp of a river, in a strange country, and where no one lived except a few negroes. Of course, it is not urged by the defendant that these were not the direct, natural and proximate results of the misconduct of the conductor. But if it were, the position would be so contrary to reason and authority as to require no argument to overthrow it. But it is said that the damages resulting to defendant from having walked back to Longview from the place where she was ejected from the cars were too remote to be allowed. As to whether or not she was justified in going back to Longview depends upon the circumstances by which she was surrounded when left by the train. As already stated, the plaintiff was unaccompanied by any male protector; she had with her a sister and two infant children; she was in the swamp of a river in a strange land; it was a cold, dark night, and she could get no shelter except with negroes; and whilst she and her companions might have been as safe with them as anywhere else, it was certainly justifiable in her to seek security at the nearest point, where, within her knowledge, it could be afforded. The condition and surroundings of the place where she

was forced from the cars were well known to the employees of the road. The influence that they would have upon a person in the plaintiff's condition must also have been known to them; and they might reasonably have contemplated that she would take such precautions as in her judgment would contribute to her safety and comfort. This is precisely what she did; and, if she committed an error, it was an innocent one, and those who forced her into the condition in which she was placed by their own wrongful acts have no right to complain. H. & T. C. R'y Co. *v.* Devainy, 63 Tex., 174.

It was the defendant's duty to immediately return her in safety to the place where she took the wrong train through fault of the conductor, or at least to leave her at some point where she would not be subjected to any serious annoyances, and to send her to Longview by the first returning train. If it left her at an improper, uncomfortable and possibly an unsafe place, it must have expected her to make the best provision in her power for her comfort and safety. We think the railroad company bound for the character of damages claimed, and that the petition is good against all the exceptions taken to it.

In overruling the demurrers the case is in effect decided. Every material allegation of the petition is fully sustained by the evidence, and in some particulars the proof is much stronger than the pleading. For instance, the proof makes it clear that when Miss Gilbert inquired of the conductor at Longview as to whether she was on the right train, she, at the same time, showed her ticket, which was to Terrell, upon the Texas Pacific Railroad. This gave the conductor full notice of the place of her destination, and deprived him of all excuse whatsoever for directing her to remain on a train which went in a different direction. The proof, too, shows that the plaintiff was subjected to greater insult in putting her off the train than is claimed in the petition. The charge submitted the issues clearly to the jury. It was the law of the case made by the evidence, and it is in the light of the evidence that every charge must be considered. Being in accordance with the principles announced in this opinion, it will not be necessary further to consider it. There was no error in excluding the testimony of Clements. We know of no rule of evidence that admits proof of a custom to contradict a fact plainly proved by positive testimony. 1 Greenl. on Ev., § 292.

The finding of the jury as to the amount of damages we cannot disturb. They do not seem to us excessive to any great extent, if at all. It is difficult to compute in figures what sum will repay the plaintiff for the gross insults and physical and mental pain to which

she has been subjected by the misconduct and rudeness of the employees of a railroad company, as detailed by the witnesses in this case. The value of the time lost by her might be estimated, but the damages for her pain of body and mortification of mind must be left largely to the discretion of the jury. When they have not apparently abused this discretion, and no outside influences have been used to excite their passions or prejudices, the result of that discretion must control the judgment of this court on appeal. We have not noticed the tenth assignment of error, which is: "The court erred in refusing to give the jury the special charges numbered from one to eight, inclusive, asked by the defendant," as it is in violation of the rules.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered October 23, 1885.]