TEXAS & PACIFIC RAILWAY COMPANY V. J. S. COLE.

(Case No. 2075.)

1. CARRIER OF PASSENGERS—FAILURE TO STOP AT DESTINATION—CONTRIBUTORY NEGLIGENCE—A railway company sold a passenger a ticket to G. The train did not stop at G., and the passenger was put off the train at W., at midnight. *Held:*

(1) The company's first breach of duty was in selling the passenger a ticket to G., when the train did not stop at that place. After finding it impossible to put her off at G., it was its duty to leave her at the nearest station where she could obtain comfortable accommodations, and from which she could travel with the least delay to G. (Railway Company *v.* Gilbert, 64 Tex., 536.)

(2) This having been done it was the passenger's duty to use *ordinary care to prevent injuries to herself greater than the situation demanded..* See opinion.

(3) (Railway Company *v.* Gilbert, *supra*, reviewed, and other authorities cited.)

APPEAL from Cass. Tried below before the Hon. W. P. McLean. The opinion states the facts.

*F. H. Prendergast,* for appellant, on contributory negligence, cited: Beauchamp *v.* Railway Company, 56 Tex., 249; Railway Company *v.* Hassell, 62 Tex., 256; Cooley on Torts, 674; Beach on Con. Neg., sec. 51; Railway Company *v.* Biruly, 71 Ill., 391; Morse *v.* Duncan, 8 Am. and Eng. Ry. Cases, 374.

*O' Neal & Son,* for appellee.

WILLIE, CHIEF JUSTICE.—Mrs. Cole, wife of the appellee, boarded a train of appellant at Queen City, a station on the Texas & Pacific railroad, having a ticket entitling her to be carried to Galloway, another station on the same road, and to be there delivered in safety. Mrs. Cole carried an infant in her arms, and was accompanied by her husband's brother and by her stepdaughter, fourteen years of age. The conductor refused to stop the train at Galloway, but carried Mrs. Cole

and her companions to Wayne, a station two miles beyond Galloway, where they alighted from the train. It was 12 o'clock at night when they reached Wayne, and the weather was cold and the ground frozen. Upon their arrival at Wayne they started to go into the depot-house when the railroad agent there told them that it was time to shut up, closed the door and left. Neither Mrs. Cole nor any one with her asked the agent if there was a place in Wayne where they could stay during the night, and, seeing no lights or houses, she and her companions walked the railroad track back to Galloway. It was for the mental and physical suffering caused thereby that damages were sought to be recovered in this suit.

The defense proved by the sheriff of Cass county, in which Wayne station is situated, that there were at that place a mill, a boarding house, three stores, three or four residences, and a number of cabins, in which the mill hands lived. The boarding house was intended for the mill hands, but the sheriff stated that he had stopped there and got his meals. The plaintiff recovered a judgment for $750, of which $350 was afterwards remitted, and the defendant has appealed to this court.

Two objections are urged to the judgment: First. It is said that the damages claimed and recovered by the plaintiff, resulted from Mrs. Cole's own imprudence and negligence, and that she contributed to her own injury by walking two miles on a cold night, and that she did this of her own accord, and not by reason of the act of the defendant in carrying her beyond her place of destination.

Second. It is claimed that the damages given by the jury were excessive, and that this could not be cured by a remittitur.

In the view we take of the case, it will not be necessary to consider the second question raised by the appellant. That the walk from Wayne to Galloway station was the immediate cause of Mrs. Cole's injuries, is not doubted. Hence, her right to recover damages on this account depends upon whether or not it was an act of ordinary care on her part to attempt this walk under the circumstances. Whatever course ordinary care would dictate, we must presume the conductor supposed she would pursue, and for whatever injury resulting to her, notwithstanding she used such care, the appellant is liable.

Wayne must have been a station of some importance. A telegraph office was kept there, and both day and night trains stopped at the place. It was a small town with stores, dwelling-houses and a boarding house, at which at least one person from a distance had been entertained. Had there been a hotel there, known to Mrs. Cole, her conduct in choosing to walk back to Galloway, in so intensely cold a night, instead of seeking lodgings at the hotel, would have been inexcusable.

Any injury she thereby received would be charged to her own negligence. The same rule would hold good if there was a boarding house there which she knew had accommodated travelers, for she could but have concluded that she could be sheltered there, especially in view of her uncomfortable condition.

There was no hotel at Wayne, and no boarding house known to Mrs. Cole. But this latter fact did not excuse the course she pursued, because she made no use of the means in her power to find out whether or not there was a place at the station where she could obtain lodging for the night. If there was no such place, and the inquiry therefore would have been fruitless; or if there was no one of whom she could make the inquiry, there would have been some excuse for her conduct. But there was a house there at which she could probably have obtained lodgings, and the depot agent, of whom she could have made the necessary inquiries, was there and in her presence, and yet she said nothing to him on the subject. She did not, therefore, use the means in her power of saving herself the uncomfortable walk back to Galloway.

The appellant's first breach of duty towards Mrs. Cole was in selling her a ticket to Galloway, when the train did not stop at that place. This was the foundation upon which her right of recovery rested. The appellant's next duty, after finding it impossible to put her off at Galloway, was to leave her at the nearest station where she could obtain comfortable accommodations, and from which she could be returned with the least delay to Galloway. Railway Company v. Gilbert, 64 Tex., 536.

There is nothing to show that this was not done; in fact, the proof reasonably establishes that this duty was performed. Here her duty towards the company commenced. This was to use ordinary care to prevent injury to herself greater than the situation demanded. As the night was very cold and the ground frozen, ordinary care dictated that she should obtain lodgings at Wayne, if possible, and not risk a walk of two miles back to Galloway, attended, as it must be, with discomfort and danger to the health of herself and infant child. Yet she took no steps to find out if she could get quarters for the night at Wayne; but, on the assumption that she could not, undertook the uncomfortable journey, and she, and not the railroad company, must bear the consequences of her choice.

This case differs in all material respects from that of Railway Company v. Gilbert, 64 Tex., 536. There the conductor, in an insulting manner, ejected a female, traveling without a protector, from the train, putting her off in the swamp of a river, where no accommodations,

which she was bound to accept, could be obtained. She made proper inquiries, found out her situation, and had every reason to believe that she was in danger of bodily harm, if she remained. Her fright caused her to return to the nearest safe and comfortable place of which she had any knowledge. Here the plaintiff was under the protection of a male companion. She was at a place where, upon inquiry, she would probably have found comfortable lodgings, at least she had no right to assume the contrary; yet she asked no questions as to whether she could be thus accommodated. She chose to walk a long distance at night in severe weather to the place of her original destination, rather than seek comfortable quarters at the place where she left the train. We think the point is well taken that the injuries for which damages were sought and recovered below were proximately caused by her own negligence. The views expressed in this opinion will be found fully sustained by the following, among other authorities: Cooley on Torts, 674; Lewis v. Railway Company, 18 Am. & Eng. Ry. Cases, 263, and authorities cited in opinion and notes; Railway Company v. Eaton, *Ib.*, 254, and authorities.

Because the verdict is against the evidence in the matter indicated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 29, 1886.]