HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. DAVID COHN.

Decided October 19, 1899.

**1. Railway Company—Passenger Carried Beyond Destination.**

Where a pasenger was admonished by the conductor not to go to sleep, but was asleep when his destination was reached, at which the name of the station was called, and the train stopped long enough for him to have gotten off, and he was put off at the next station, and had to walk back, the railway company is not responsible for the attendant discomfort and sickness thus resulting from his own negligence.

**2. Same—Notice of Arrival at Station.**

A railway company should have the names of stations properly announced and cause its trains to stop long enough for passengers to disembark, but it is not required to give personal notice to passengers that the train has arrived at their station.

**3. Same—Passenger as Trespasser—Duty to Such.**

A passenger who, after his destination has been duly announced and the train has stopped there, neglects to get off and is carried beyond, becomes a trespasser, and the only duty the company owes him is not to willfully injure him.

APPEAL from the County Court of Washington. Tried below before Hon. E. P. CURRY.

*Baker, Botts, Baker & Lovett* and *Frank Andrews,* for appellant.

*Buchanan & Henderson,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Suit by appellee against appellant for damages. The petition alleges that on the 10th of July, 1898, appellee purchased from appellant a round trip ticket from Brenham to Galveston; that in returning from Galveston appellant's train, upon which appellee took passage, ran through on appellant's main line of road, making it necessary for him to change cars at Hempstead in order to reach his destination; that after the train reached Hempstead, appellee was, without negligence on his part, carried beyond said station; that upon being informed by the conductor that the train had passed Hempstead but a short distance, appellee requested him to stop the train and let him get off, which the conductor willfully and negligently refused to do, but carried him to Courtney, a distance of thirteen miles from Hempstead, where the train made its first stop; that before reaching Courtney the conductor informed appellee and his companion that they would have to get off the train at that place, and that unless they did he would put them off in the woods; that appellee and his companion were frightened and overawed by the rough treatment of the conductor, and were by him at said place, a little after 12 o'clock at night, forcibly ejected from the train; that before appellee and his companion were ejected from the train its conductor falsely informed them that the appellant's south-bound train, en route to Hempstead, would reach Courtney about twenty minutes after his train, would stop there, and that they could take passage on it and return to Hempstead without further compensation; that appellant's station house at Courtney was, when appellee was left there, locked, and that appellee and his companion were compelled to await there on the platform without lights or seats the arrival of the south-bound train; that after remaining there over three hours said train rapidly sped past said station without stopping; that after said train passed, appellee and his companion, for the purpose of reaching Hempstead in time to take a train to Brenham before their ticket expired, having no other means of transportation, were obliged to walk, and started afoot, and after walking eight miles on their way over trestles, bridges, and other dangerous places, reached Howith station, and being unable by reason of fatigue to walk further, procured a wagon whereon they reached Hempstead in time to take the train to Brenham; that by reason of being ejected from the train appellee was greatly humiliated and suffered great distress of mind; that being compelled to wait outside the station house three hours in expectation of a train, and having to walk a great distance and ride in an open wagon at night, appellee was greatly fatigued, frightened, made lame, sore, and became sick and suffered great pain and mental anguish, all of which was proximately caused by appellant's negligence, to appellee's damage in the sum of $500.

The appellant answered by general demurrer, general denial, and plea of contributory negligence.

The case was tried before a jury, and a verdict and judgment rendered against appellant for $100.

The uncontroverted evidence shows that appellee, a boy 16 years old,

and his companion, were admonished by appellant's conductor long before the train reached Hempstead not to go to sleep, for they would have to change cars there for Brenham; that the name of the station Hempstead was properly announced by appellant's servants on each car upon the train's reaching said station; and that after such announcement the train remained there sufficient time to allow appellee and his companion to alight with safety; that appellee and his companion were asleep on the seats of the car when the train reached said station and did not awake until after the train had left, and that Courtney, which was then a flag station on appellant's road, was the first stopping place for the train after it left Hempstead. The evidence conclusively shows that the conductor used no force whatever in ejecting appellee from the train; that he used no harsh or abusive language towards him, and that if appellee suffered any injury it was the direct consequence of his own negligence unaided by any negligence on the part of the appellant.

In view of the undisputed evidence and facts conclusively shown by it, we deem it unnecessary to discuss the errors assigned to the court's charge. It is sufficient to say that it was erroneous in submitting as questions of negligence to the jury matters which neither the law nor the undisputed evidence warranted.

It was the duty of appellant, in order to afford appellee and his companion opportunity to leave the train at Hempstead, to have the name of the station announced upon the arrival of the train, for a sufficient length of time to enable them to get off with safety. This the uncontroverted evidence proves appellant did. After properly announcing the name of the station, the company was not bound to go further and give personal notice to them that the station was reached. Its duty was performed by publicly announcing the name of the station, and it was appellee's duty to get off when it stopped. Railway v. Perry, 8 Texas Civ. App., 78; Railway v. Alexander, 30 S. W. Rep., 1113; Railway v. Kendrick, 32 S. W. Rep., 42; Railway v. McCullough, 18 Texas Civ. App., 534; Railway v. Cole, 66 Texas, 564.

The appellee having neglected to get off the train at Hempstead, after its arrival had been properly announced, became a trespasser, and appellant owed him no duty except not to willfully injure him. It had a right to consult and be governed by its own convenience as to where it would require him to leave the train. It was under no duty to have lights and seats and preparations for his comfort at the place he was put off, nor provide him with transportation back to the place where it was his duty to have left the train. As to how he should get back was his affair, not that of the company. Nor was it responsible for his fatigue, soreness, and scaring at a white calf in going back to Hempstead. These were consequences of his own negligence, not that of the appellant.

The verdict is without evidence to sustain it, and should have been for appellant. For which reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*