### St. Louis Southwestern Railway Company v. R. F. Ricketts et al.

No. 1146. Decided November 20, 1902.

**1.—Passenger Carried Past Station—Damages—Proximate Cause.**

Conduct of a passenger carried past destination in choosing to return thereto, from station where she left the train, in an open hack rather than by rail, considered and held not to show such failure to act with ordinary prudence in returning as would justify a charge treating the injuries resulting from the exposure to rain and cold while so doing as matters which could not, in law, be regarded as proximate results of the negligence of the carrier. (Pp. 69-71.)

**2.—Jurors—Affidavits to Show Misconduct.**

Affidavits of jurors will not be received, in a civil case, to show misconduct in jury room (foreman volunteering personal knowledge bearing on case) as ground for a new trial. (P. 71.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

*E. B. Perkins, George E. Perkins,* and *D. Upthegrove,* for appellant. Appellee can not recover in this case except for injuries sustained by his wife while waiting in the depot at Nevada station, and he can not recover damages on this account unless appellant negligently carried him and his wife beyond Clinton and afterward failed to exercise ordinary care for their protection. Railway v. Ricketts, 54 S. W. Rep., 1090; Railway v. James, 82 Texas, 306; Railway v. Perry, 8 Texas Civ. App., 79.

Where a member of a jury has been guilty of gross misconduct in the jury room while they are considering of their verdict, in stating his personal knowledge on material facts in the case, testimony of other members of the jury is admissible to show such misconduct. Mattox v. United States, 146 U. S., 140; Rush v. Railway, 72 N. W. Rep., 733; Little v. Birdwell, 21 Texas, 614; Sawyer v. Stephenson, 1 Ill., 6; Grinnell v. Phillips, 1 Mass., 542; Manix v. Malony, 7 Iowa, 81; Ruble v. McDonald, 7 Iowa, 90; Ritchie v. Holbrook, 7 Serg. & R., 458; Hawkins v. Publishing Co., 29 La. Ann., 134; Whitney v. Whitman, 5 Mass., 405.

*Evans & Elder,* for appellee.—This was an effort to impeach the verdict of the jury by the affidavit of the jurors, and up to this good time there is not a single instance where the same has been allowed; or as was said by Stayton, Chief Justice, in the case of Bank v. Bates, 72 Texas, 142, "If there be any exception to this rule it has not been defined in any case in this State." Also see Johnson v. State, 27 Texas, 758; Lutcher & Moore v. Morrison, 79 Texas, 242; Mason v. Russells' Heirs, 1 Texas, 725; Hanley v. Leigh, 8 Texas, 129; Kilgore v. Jordan, 17 Texas, 346; Little v. Birdwell, 21 Texas, 612; Boetge v. Landa, 22 Texas, 105; Brennan v. State, 33 Texas, 266; Davis v. State, 43 Texas, 189; Ellis v. Ponton, 32 Texas, 440; Moore v. Railway, 5 Texas Ct. Rep., 682; Bartlett v. Patton, 5 Law. Rep. Ann., 523; Murphy v. Murphy, 9 Law. Rep. Ann., 820; Hauk v. Allen, 11 Law. Rep. Ann., 706.

WILLIAMS, Associate Justice.—Certified question from the Court of Civil Appeals for the Fifth District as follows:

"Appellees, R. F. Ricketts and wife, brought this suit against the appellant to recover damages claimed to have resulted to Mrs. Ricketts for having been carried by her station and been exposed to the cold and rain, causing her to be sick and resulting in her having chronic female troubles, etc. The facts disclose that on the evening of October 29, 1897, appellees and their little girl came from Paris to Greenville, Texas, and stopped at a hotel near the public square. At 2 o'clock on the morning of October 30 they got up and went from the hotel to appellant's depot and bought tickets to Clinton, the first station west from Greenville, paying therefor. They boarded appellant's train, and the employes of appellant failed to stop the train at Clinton and carried appellees to Nevada, a station nine miles west of Clinton, where they debarked. The evidence conflicts as to appellant being negligent in failing to stop the train at Clinton. The train on which they were passengers left Greenville at 3 o'clock and arrived at Nevada about an hour later. The conductor testified that he went into the depot at Nevada and wrote a note to the conductor on the next train to take them back to Clinton free of charge, which they refused. Appellees deny this. Appellees remained in the depot building until about 6 o'clock, when they went to a hotel near by and got breakfast. The testimony conflicts as to the condition and as to there being lights or fire in the building during that time. They then got into an open hack and went back to Clinton through the country and spent a part of the day in a blacksmith shop, during a part of which time it was raining. From Clinton they went back to Greenville on the return train. Mrs. Ricketts' monthly period was on at the time. She suffered from cold while in the depot at Nevada, and she testified that it stopped her sickness, which caused a pain in her back and the lower part of her bowels. After returning home she was sick for three months and since then she has been suffering with chronic female trouble. The facts raise the

issue whether or not her condition was caused solely by her stay at Nevada, or was caused by her riding from Nevada to Clinton in an open hack and remaining in the blacksmith shop while at Clinton during the same day. Upon this issue the defendant asked the following special charge which was refused, to wit: 'You are instructed that defendant would not be liable for any sickness contracted by plaintiff's wife on account of exposure, other than what she did contract while waiting in the depot at Nevada station. And before the jury can allow plaintiff to recover anything on this account, or for medical bills, or medicine, the jury must believe from the evidence that the defendant negligently carried plaintiff and wife beyond Clinton station, and afterwards failed to exercise ordinary care for their protection; and that said negligence . and want of care was the proximate cause of plaintiff's sickness, if any she had.' The court, in its main charge, instructed the jury in effect that plaintiff could only recover for such injuries to his wife as the proof showed affirmatively that she had sustained as a direct result of the negligence of the defendant, and further that the burden of proof was upon plaintiff. There is no complaint by appellant that the verdict is excessive.

"First question: Under the circumstances stated, did the court err in refusing to give the special charge requested, or was the court's general charge sufficient to cover said issue?

"On the hearing of the motion for a new trial, one of the grounds being the misconduct of the foreman, the defendant offered to prove by two of the jurors who tried the case, that, after the jury had retired and while considering of their verdict, the foreman of the jury stated to the other members thereof that he was satisfied that the plaintiff and his wife had testified the truth about there being no fire or lights in the defendant's station house at Nevada, and that defendant's witnesses who had testified to the contrary had testified falsely; that he, the said Lindsley, had lived near Nevada station for a number of years; that he had been to defendant's depot at that place many times in the nighttime, and that he had never found any light in the waiting room nor any fire in the stove kept there. This was objected to, which objection was sustained by the court, which action of the court is here assigned as error. On the trial the evidence conflicted as to whether or not there was fire and light in the depot at said time.

"Second Question: Was the testimony offered by the defendant on the hearing of the motion for a new trial admissible? In other words, does the offered testimony show such misconduct on the part of the foreman as will permit the testimony of other jurors to impeach the verdict of the jury? And, if so, was the rejection of said testimony sufficient to cause a reversal of the case?"

1. The refused charge assumed that there was evidence from which the jury could find that Mrs. Ricketts suffered from sickness caused by exposure occurring after she left appellant's station, and sought to have the court declare, as a matter of law, that damages resulting could

not be recovered. To justify such an instruction, one of two conditions must have existed, viz: the pleading of plaintiff must have restricted his claim to the damages caused solely by the exposure in the waiting room; or the evidence must have been such that the court could declare, as a matter of law, that no recovery could be had for sickness resulting from subsequent exposure. The certificate does not so state the pleading, nor can we see that the evidence was such as to justify the court in taking the question from the jury. Since Ricketts and wife were destined for Clinton, appellant, if it wrongfully carried them beyond that point, ought to have foreseen that they would do that which was prudent for them to do under the circumstances, and to have contemplated any exposure to which they would be subjected in a natural and prudent effort to return. Railway v. Cole, 66 Texas, 563. It was their right to go back, and the question is, whether or not, in choosing the means of transportation and in their other conduct, they acted as persons of ordinary prudence; and this was a question for the jury. The circumstances under which and the reasons why they acted as they did are very meagerly stated; but we can not say that the evidence shows affirmatively and beyond reasonable controversy that they were guilty of negligence. Railway v. Crispi, 73 Texas, 236. We answer that "under the facts stated" the special charge should not have been given. As it was incorrect, the question whether or not the general charge was sufficiently full does not arise.

2. The decisions of this court have passed upon numerous attacks made upon verdicts of juries, supported by affidavits or testimony of jurors setting up irregularities and improprieties of different kinds occurring in their deliberations, and have uniformly denied the competency of such testimony to establish the alleged facts. Mason v. Russell, 1 Texas, 721; Hanley v. Leigh, 8 Texas, 129; Kilgore v. Jordan, 17 Texas, 346; Little v. Birdwell, 21 Texas, 603; Boetge v. Landa, 22 Texas, 106; Thomae v. Zushlag, 25 Texas Supp., 229; Johnson v. State, 27 Texas, 769; Davis v. State, 43 Texas, 191; Bank v. Bates, 72 Texas, 142; Railroad v. Gordon, 72 Texas, 51; Lutcher & Moore v. Morrison, 79 Texas, 241. The precise complaint here made of the conduct of the jurors was not involved in any of the cases cited, but it is evident from the language used in the opinions that this court has adopted the broad rule that jurors will not, in civil cases, be allowed to attack their verdict by setting up misconduct, irregularities or improprieties of themselves and their fellows, occurring in the privacy of their deliberations; and this seems to us to accord with the great weight of authority. There are some authorities which restrict the rule within the narrower limits, but they are evidently not in harmony with the decisions in this State. A modified rule is prescribed by the Code of Criminal Procedure for criminal cases, but the Legislature has never seen fit to alter the rule enforced by this court in civil cases from the beginning.

The proof offered was not admissible.