GOODSON v. HOUSTON & T. C. R. CO.
(No. 613.)

(Court of Civil Appeals of Texas. El Paso.
Oct. 26, 1916.)

1. TRIAL ☞362 — VERDICT — CORRECTION BY JURY AFTER DISCHARGE.

After a jury was discharged,· its verdict could not be reformed by changing the answer to a special issue from "no" to "yes," although the jury appeared in open court in a body and asked the court in writing to make such change.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 865–868; Dec. Dig. ☞362.]

2. MASTER AND SERVANT ☞297(2)—VERDICT —INCONSISTENCY IN FINDINGS.

That a ·jury, by finding on a special issue that plaintiff's injury was not directly caused

by the fall which was claimed due to 'defendant's negligence, made their verdict one for the defendant, did not make it conflicting and inconsistent, because thereafter in the same verdict there was a finding as to the amount of damages suffered.

[Ed. Note.—For other cases, see· Master and Servant, Cent. Dig. § 1196; Dec. Dig. ☞ 297(2).]

3. APPEAL AND ERROR ☞501(4) — RECORD — SHOWING APPLICATION FOR SUBMISSION OF SPECIAL ISSUES.

Where the record does not disclose that assignments of error for refusing to give special charges requested are supported by bills of exceptions showing proper and timely application to the court for such submission, the assignments are not reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2304; Dec. Dig. ☞501(4).]

4. APPEAL AND ERROR ☞501(4)—NECESSITY OF OBJECTIONS IN COURT BELOW—INSTRUCTIONS.

Where the record does not disclose that the trial court's charge complained of was objected to and exception taken as required by statute, alleged errors in the charge are not reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2304; Dec. Dig. ☞501(4).]

5. APPEAL AND ERROR ☞1170(11)—REVERSAL—PREJUDICE TO APPELLANT'S SUBSTANTIAL RIGHTS.

Judgment for defendant in an action for injuries caused by a negligently constructed scaffold was not reversible for refusal by the trial court to grant a new trial because judgment for defendant was contrary to the law and evidence, where the evidence, although disputed, was so meager upon whether plaintiff's fall from the scaffold caused his injuries as to justify an instructed verdict for defendant, in view of rule 62a (149 S. W. x), forbidding reversal for errors not prejudicial to appellant's substantial rights.

[Ed. Note.—For other .cases, see Appeal and Error, Cent. Dig. §§ 4066, 4544; Dec. Dig. ☞ 1170(11).]

Appeal from. District Court, Burleson County; Ed. R. Sinks, Judge.

Action by Charles A. Goodson against the Houston & Texas Central Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.·

W. M. Hilliard, of ·Caldwell, for appellant. Baker, Botts, Parker & Garwood,· of Houston, R. S. Bowers, of Caldwell, and Stribling & Stribling, of Waco, for appellee.

HARPER, C. J. Appellant sued the appellee in the district court of Burleson county to recover damages on account of personal injuries alleged to have been received by him while in the employ of appellee as a member of a bridge gang in repairing a bridge on its main line near Mexia, Tex.; the injuries complained of being double hernia, alleged to have been sustained by reason of falling from a· scaffold constructed under the bridge by his fellow workmen, and from which he fell by reason of the unsafe condition of the scaffold, made so through the negligence of his fellow workmen, whose duty it was to construct the scaffold in a proper manner. The scaffold consisted of a long plank resting

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on crosspieces of timber suspended from the bridge beams by ropes; and the unsafe condition of the scaffold was caused by his fellow workmen placing the plank on the crossbeams in such a manner that, when he got on the scaffold and walked toward one, end of it, the bending of the plank from his weight caused it to slip off at one end and throw him to the ground, which caused double hernia.

The appellee, aside from general and special exceptions and a general denial of negligence, interposed pleas of contributory negligence and assumed risk. The case was submitted to the jury upon special issues by the following charge of the court, which issues were answered as indicated by the answer set opposite each special issue. The court, upon the findings of the jury, rendered judgment for the defendant.

"Special Issue No. 1: Did the plaintiff, Chas. A. Goodson, fall from a platform erected by the defendant company while working upon one of its bridges? Ans. Yes.

"Special Issue No. 2: If you answer 'Yes' to special issue No. 1, then did such fall directly cause the hernia which the plaintiff had? Ans. No.

"Special Issue No. 3: Was the defendant guilty of negligence in the erection of the platform upon which the plaintiff was working at the bridge? Ans. Yes.

"Special Issue No. 4: Was the platform upon which the plaintiff was working unsafe for a person to work upon? Ans. Yes.

"Special Issue No. 5: If to special issue No. 4 you answer 'Yes,' then was the unsafety of the same known to the plaintiff? Ans. No.

"Special Issue No. 6: If you answer to special issue No. 4 that the said platform was unsafe, then was its unsafe condition open and obvious to the plaintiff? Ans. Yes.

"Special Issue No. 7: Was the plaintiff guilty of contributory negligence in causing the injury, if any, to himself? Ans. Yes.

"Special Issue No. 8: If you find that the plaintiff had been injured, and thereby suffered damages, then how much damages has he sustained? Ans. $455.00.

"In connection with special issue No. 8 you are instructed, as to damages, that the same should be assessed at such sum of money as, if paid in hand at this time, will fairly and justly compensate him for the injuries alleged by him in his petition, and which you find from the evidence he has sustained, if any; and in doing so you will take into account the mental and physical pain suffered by him, and that will be suffered by him in the future, on account thereof, if any, and the earnings lost by him up to this time on account thereof, if any.

"In this connection you are charged that if you find that the defendant has been guilty of negligence, and you further find that the plaintiff has been guilty of contributory negligence, then, as to the damages, you will diminish the same in proportion as to the negligence of the defendant and of the plaintiff, if any."

[1] The next morning after this verdict and judgment was rendered, and after they had been discharged, the jury appeared in open court in a body, and, by writing, asked the court to reform the verdict, so that the answer to special issue No. 2 would be "Yes," and that the answer to special issue No. 6 would be "No," and counsel for appellant requested the court to swear them, both of which was refused. This refusal is urged

as error, by assignments 1 and 2. This was not error. "The Supreme Court of this state has adopted the broad rule that jurors will not, in civil cases, be permitted to attack their verdicts in this way." Railway Co. v. Ricketts, 96 Tex. 71, 70 S. W. 315. This might have been done prior to their discharge from the case, but not afterwards. Hirsch v. Jones et al., 42 S. W. 604.

The third is that the verdict does not authorize judgment for defendant, but that judgment should have been for the plaintiff. The fourth is that the verdict is inconsistent and conflicting, and therefore will not support judgment for defendant. The fifth is that the court erred in rendering judgment contrary to the intentions of the jury.

[2] It is apparent that the jury intended to give the plaintiff a verdict for $455, but the question here is: Did they find the necessary facts in his favor upon which to predicate a judgment? To enable the court to find for plaintiff the jury must, under the law, have first found by their verdict that the injuries complained of were directly and proximately caused by the fall from the alleged unsafe platform; this they have not done, but have in fact found to the contrary. The fact that the jury have found the facts to be such that it is a verdict for the defendant does not make it conflicting and inconsistent because thereafter, in the same verdict, there is a finding as to the amount of damages suffered.

That the jury might, under a general charge, find a verdict for damages in favor of a plaintiff, without first having found the facts upon which such verdict in his favor could be based, is the reason for the statute requiring the court to submit the cause upon special issues, if requested to do so by either party to the suit, and permitting him to do so upon his own motion.

Was the judgment entered contrary to the intentions of the jury? The appellant says it is, because the jury in a body came into court the next day and in writing so informed the court. How did they discover that such was the case? Unquestionably, by having received evidence, or argument, or both, after leaving the jury box; so to now hold that because the jurymen by next morning, by some means unknown to the court, concluded that the verdict as rendered immediately after the case was submitted was not an exact expression of their intention would in effect be to license attorneys to practice upon jurymen outside of court, and, if that should be, few causes would be settled by one trial.

[3, 4] The sixth, seventh, ninth, and tenth urge that the court erred in refusing to give special charges requested by appellant, and erred in certain particulars in its main charge, and must be overruled for the reason that the record does not disclose that the assignments are supported by bills of exceptions showing proper and timely application

to the court for submission of the special issues (Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132), nor show that the portion of the court's charge complained of was objected to and exception taken as required by statute (Waterman L. Co. v. Phelps, 175 S. W. 742).

[5] The eighth is:

"The court erred in refusing to grant plaintiff a new trial, for the reason that the verdict and judgment is contrary to the law and the evidence in this: The undisputed evidence shows that said platform was negligently constructed by the defendant; second, that this was unknown to the plaintiff; third, that as a result of said negligence of the said defendant said platform fell with the plaintiff, and that he was injured thereby."

This assignment must be overruled because, if we concede that the undisputed evidence shows a negligently constructed platform, that the defect was unknown to appellant, and that it fell with him, we are nevertheless of the opinion that the evidence is so meager upon the latter, that plaintiff's injuries were caused by the fall, as to justify an instructed verdict for the defendant. Rule 62a (149 S. W. x).

For the reasons given, the assignments are overruled, and cause affirmed.