GULF, C. & S. F. RY. CO. v. GENTRY.
(No. 1193.)

(Court of Civil Appeals of Texas. Amarillo. June 20, 1917. Rehearing Denied Oct. 3, 1917.)

1. CARRIERS ☞278(1) — CARRIAGE OF PASSENGERS—ACTIONS—QUESTIONS FOR JURY.

In an action by a passenger whom a railroad company wrongfully and negligently put off at a station some miles from her destination, the question whether the passenger who suffered injuries in riding horseback to her destination

was guilty of contributory negligence which was the proximate cause of the injury *held* for the jury.

**2. CARRIERS ⊚⇒277(1)—CARRIAGE OF PASSEN- GERS—NEGLIGENCE OF COMPANY.**

Where a railroad company's employés negligently informed a passenger that she had reached her destination, thus causing her to alight at a small station some distance therefrom, and the passenger, because of business necessity, rode horseback to her destination, a recovery for injuries occasioned by the exposure of the ride sounds in tort,' and can be allowed only when it was reasonable under the circumstances for the passenger to voluntarily incur the exposure; the theory being that a railroad company is bound to know that it is carrying passengers in all conditions who are traveling on missions of more or less urgency.

**3. TRIAL ⊚⇒194(18)—INSTRUCTIONS—WEIGHT OF EVIDENCE.**

In an action by a female passenger who claimed that her injuries resulted in a miscarriage and that a second followed, a charge that the evidence of the second miscarriage might be considered for the purpose of showing the extent of the injury caused by the first is not one on the weight of the evidence, where there was testimony that the second was artificially caused.

**4. CARRIERS ⊚⇒278(2)—CARRIAGE OF PASSEN- GERS—INSTRUCTIONS.**

Where the servants of a railroad company called a passenger's station before she reached it and she was thus induced to alight, a charge that it was the duty of the railroad company to have its stations properly announced, which required a finding that the miscalling of the station was negligence before verdict for plaintiff could be authorized, was correct.

**5. CARRIERS ⊚⇒276(1)—CARRIAGE OF PAS- SENGERS—ACTIONS—BURDEN OF PROOF.**

Where a passenger's destination was called before a train reached that point and the passenger alighted and suffered injuries in riding on horseback to her destination, burden of proving that she was guilty of contributory negligence was on the railroad company.

**6. TRIAL ⊚⇒234(7)—INSTRUCTIONS—MISLEAD- ING.**

Where defendant's contention that plaintiff was guilty of contributory negligence was based on plaintiff's own evidence, a charge that the burden of proof was on defendant cannot be treated as misleading, where other paragraphs of the charge instructed the jury that should it be found by a preponderance of the evidence that certain facts existed, then plaintiff was guilty of contributory negligence.

**7. TRIAL ⊚⇒194(1), 240—INSTRUCTIONS—RE- QUEST.**

Where a requested instruction was argumentative and on the weight of the evidence, the court was justified in refusing it.

**8. CARRIERS ⊚⇒278(2)—CARRIAGE OF PASSEN- GERS—ACTIONS—INSTRUCTIONS.**

A passenger's station being called before she reached her destination, the passenger alighted, and, being under contract to appear at her destination at 9 o'clock the following morning, rode horseback to her destination some miles distant. Claiming' injury by reason of the exposure of the ride, etc., she sued, seeking to recover for the railroad company's negligence. The company contended that she was guilty of contributory negligence, and should have sought lodging and remained in the town where she alighted, rather than attempt the trip under the circumstances. The court charged that if the passenger was under contract to be at her destination at 9, the next morning, and she was informed and believed she could not reach her destination by waiting for the next train

and the only practicable means of transportation was horseback, and that without fault or negligence on her part she undertook the trip, then if the injuries resulted she might recover, but that it was incumbent on her to use ordinary care in selecting a safe and practicable means of reaching her destination. *Held,* that the charge did not present defendant's theory, and for that reason was subject to objection.

**9. CARRIERS ⊚⇒278(1)—CARRIAGE OF PASSEN- GERS—ACTIONS—JURY QUESTION.**

In such case, evidence *held* to require the submission of the issue that the passenger, on discovering she had been left at the wrong station, should have made her situation known to the local agent, who could have arranged transportation on a through train which did not ordinarily stop at the station where she alighted, and that by reason of her failure to make her situation known to such agent, the passenger was guilty of negligence.

**10. TRIAL ⊚⇒194(1)—INSTRUCTIONS—WEIGHT OF EVIDENCE.**

A charge which would have had the tendency to create in the minds of the jury the impression that certain facts should, in the opinion of the court, be given controlling effect in their determination is bad as on the weight of the evidence.

**11. CARRIERS ⊚⇒277(4) — CARRIAGE OF PAS- SENGERS—INJURIES—PROXIMATE CAUSE.**

Where a passenger alighted before reaching her destination, the wrong station being called, and suffered injuries in riding horseback to her destination, the fact that the railroad company did not foresee the particular injury suffered is no defense, for its negligence might be the proximate cause, though the injury was not foreseen; hence a charge that the company would not be liable for the injury unless in the exercise of high degree of care it could reasonably have been foreseen was properly refused.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Mrs. Jessie Gentry against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, E. M. Browder, of Dallas, and Lee, Lomax & Smith, of Ft. Worth, for appellant. Adams & Stennis, of Dallas, for appellee.

BOYCE, J. This suit was brought by Mrs. Gentry against the appellant railway company to recover damages alleged to have resulted from the negligence of the railway company in putting her off its train at the wrong station, and this appeal is from a judgment rendered on a general verdict of the jury for the plaintiff.

Giving the verdict its proper effect on the conflicts in the evidence we find: ,That Mrs. Gentry, riding on a ticket over appellant's road entitling her to 'go to Justin, was, on account of the negligence of the employés of the railway company in informing her that she had reached Justin, caused to get off at Haslet, a small station nine miles from Justin, at about 9 o'clock p. m., January 19, 1915. Appellee was employed by a theatrical company, and had been directed by the manager to be at Justin at 9 o'clock the next morning for rehearsal, though no perform-

ance was to be given until that evening, and appellee testified that she feared that she would be discharged if she did not report as directed. Upon learning that she was not at Justin, and that there would be no train to Justin until 11 o'clock the next morning, that the roads were impassable for any kind of vehicle, and that the only available means of conveyance that would enable her to reach Justin in time to keep her engagement was by horseback, appellee secured horses and accompanied by a man who brought the horses back to Haslet rode through the country to Justin. The roads were very rough so that they were about five hours on the way; the night was cold, became cold, and appellee was chilled from the cold and made sick by the ride. She was about three months advanced in pregnancy, and a few hours after reaching Justin suffered a miscarriage, and the damages sought to be recovered are on this account. Appellee knew that it was not advisable for her to subject herself to any unusual strain or exertion; she learned that she could probably secure a place to stay at Haslet for the night; she was unacquainted at either place, and the trip was taken because, as she expressed it, "she had to be at Justin by 9 o'clock" on account of her engagement.

[1] Appellant by the first and second assignments asserts that the court erred in not peremptorily instructing a verdict for it because the facts recited conclusively show that Mrs. Gentry was guilty of contributory negligence, and because the ills suffered by her were not the proximate result of the negligence of the appellant. These assignments present question of considerable difficulty, and a holding either way on them can be supported by respectable authority. If the act of appellee in riding across the country on horseback is to be judged with reference to a care for her physical comfort and well-being alone, there could be but one answer to the question as to whether it was prudent, but if we are to take into consideration necessities other than the physical comfort and health that might justify one in taking the risk of exposure, a different question is presented. Circumstances can be conceived where the conclusion would be clear that a person of ordinary prudence would take the risk of such a trip; on the other hand, if the purpose of the traveler was only to make a social visit, it would be equally clear that such a trip would not be undertaken by a person of ordinary prudence in Mrs. Gentry's physical condition. We are of the opinion that the facts of this case place it in that middle ground where reasonable minds might differ as to the conclusion, and the question of negligence under such circumstances thus becomes one for the jury.

[2] The injury to appellee was not of course the immediate result of the wrong of the railway company in putting her off at Haslet instead of Justin, but of the trip tak-

en by her of her own volition which she was impelled to take, not in an effort to reach a safe and secure shelter, but by the business necessity which she considered herself to be under. If a carrier negligently puts a passenger off at a place where there is no shelter available, the exposure incident to an attempt to reach a safe lodging place would be clearly the direct and proximate result of the wrong, and could have been reasonably anticipated by the carrier. But when the person is discharged at a place where there is safe and comfortable shelter to be had and where a person of ordinary prudence would remain but for some urgency of his particular situation, the injury resulting from exposure attendant upon an effort to reach the destination by other means becomes so remote that a conclusion as to liability under such circumstances is more difficult. In the earlier cases the cause of action was treated as being based on a breach of the contract of carriage, and recovery was denied on the ground that the carrier had no notice of the special damages likely to result from a breach thereof. Later cases, however, have allowed recovery to be had in tort, and the rule in the earlier cases has been considerably relaxed. The theory of recovery in such cases must evidently be based on the assumption that the carrier is bound to know that it is carrying passengers in all conditions and who are traveling on various missions of more or less urgency, and that it is natural for a traveler put off at the wrong place to attempt to reach his destination even at some risk from exposure. The Supreme Court, in the case of St. L. & S. W. Ry. v. Ricketts, 96 Tex. 68, 70 S. W. 315, states the rule applicable to such cases as follows:

"Since Ricketts and wife were destined for Clinton, appellant, if it wrongfully carried them beyond that point, ought to have foreseen that they would do that which it was prudent for them to do under the circumstances, and to have contemplated any exposure to which they would have been subjected in a natural and prudent effort to return. * * * It was their right to go back, and the question is whether or not, in choosing the means of transportation, and in their other conduct they acted as persons of ordinary prudence; and this was a question for the jury."

The present case is an extreme one, going further than any we have been referred to, but we have concluded that the application of the rule announced above requires us to hold that in this case the question as to whether the negligence alleged was the proximate cause of the injury, and as to whether Mrs. Gentry was guilty of contributory negligence, was for the jury to decide. The following authorities tend directly to support this conclusion: St. L. &. S. W. Ry. Co. v. Ricketts, 96 Tex. 68, 70 S. W. 315; St. L. & S. W. Ry. Co. v. Foster, 46 Tex. Civ. App. 517, 103 S. W. 194; St. L. & S. W. Ry. Co. v. Franks, 52 Tex. Civ. App. 614, 114 S. W. 875; writ of error denied, G., C. & S. F. Ry. Co. v. Cleveland, 33 S. W. 687; recovery was de-

nied, but reference was made to the fact that plaintiff was under no pressing necessity to reach his destination. Cook v. Beaumont S. I. & S. W. Ry. Co., 160 S. W. 123; recovery was also denied in this case, but again reference was made to the fact that there was no pressing necessity for the presence of the passenger at the place of his destination prior to the time he could have reached there by another train; Pittsburgh, C., C. & St. L. Ry. v. Klitch, 11 Ind. App. 290, 37 N. E. 560; C., H. & I. Ry. Co. v. Eaton, 94 Ind. 475, 48 Am. Rep. 179. A general discussion of the questions involved and citations of numerous authorities may be found by reference to the following citations: Sutherland on Damages (4th Ed.) §§ 49, 938–940; Sedgwick on Damages (9th Ed.) §§ 150, 867–872; notes to 7 L. R. A. (N. S.) 1180; 17 L. R. A. (N. S.) 1226; 41 L. R. A. (N. S.) 745; R. C. L. vol. 5, p. 102, § 738. An examination of these last authorities show that there is considerable conflict and confusion on this subject. The following authorities in this state tend to support appellant's position to some extent at least: I. & G. N. Ry. Co. v. Addison, 100 Tex. 240, 97 S. W. 1037, 8 L. R. A. (N. S.) 880; T. & P. Ry. Co. v. Cole, 66 Tex. 562, 1 S. W. 629; St. L. & S. W. Ry. v. Thomas, 27 S. W. 419. In the Addison and Thomas Cases the carrier failed to stop and take on passengers, and some distinction is suggested by the Supreme Court in the Addison Case between such a case and one where the passenger is wrongfully put off at a place other than his proper destination. This distinction is also made in the case of Malcolm v. L. & N. Ry. Co., 155 Ala. 337, 46 South. 768, 18 L. R. A. (N. S.) 489, 130 Am. St. Rep. 52. We do not undertake to say that there ought to be any real difference in liability in such cases, but simply refer to the suggestion as a possible means of harmonizing the cases. In the Cole Case it was held that a woman was guilty of contributory negligence in walking to her destination on a cold night when she could have secured accommodations at the place where she was put off. About the only difference between that case and this one is that it was not shown in such case that Mrs. Cole was under any particular necessity of reaching her destination before the next day. Issues of contributory negligence and proximate cause ordinarily present questions of facts, and the holding of a court that the particular facts of a particular case leads to a particular conclusion on such questions in the case before the court are not so valuable as authority in other cases where the facts are different except as they establish some principle by which to determine similar cases. The Ricketts Case is the only one of the cases by the Supreme Court in which a rule of law governing such cases is announced, and we have applied it with the result as above stated.

[3] The third and fourth assignments complain of the action of the court in instructing the jury that evidence of a second miscarriage might be considered for the purpose of showing, or tending to show, the extent of the injury caused by the first miscarriage. It was alleged and proven that Mrs. Gentry, on July 3, 1915, had a second miscarriage. There was testimony to the effect that one miscarriage tends to cause another, and appellee testified that she had had one child before the first miscarriage, and had done nothing to bring about the second miscarriage, this testimony thus tending to show that it may have been brought about by a predisposition thereto, the result of the first miscarriage. The physician who attended appellee after the second miscarriage testified that in his opinion it had been caused by artificial means though he could not be positive as to this. We do not think the charge was error under the circumstances. Rapid Transit Ry. Co. v. Smith, 98 Tex. 553, 86 S. W. 322. While a qualifying clause would have freed it unquestionably from the imputation that it was on the weight of the evidence, we hardly think the jury could have considered it as having that effect, or that their verdict was in any way affected thereby.

[4] The court told the jury generally that it was the "duty of a railroad company to have the names of stations properly announced," etc., and the appellant complains of this part of the charge because it imposes an absolute duty, instead of the duty to exercise ordinary care in this respect. The charge, after thus stating the duty of the company, required a further finding that the miscalling of the station was negligence before a verdict for plaintiff was authorized. This was, we think, a correct charge on the law. H. & T. C. Ry. Co. v. Cohn, 22 Tex. Civ. App. 11, 53 S. W. 698; Hutchinson on Carriers, § 1121.

[5, 6] The sixth assignment complains of the charge of the court in placing the burden of proof on the issue of contributory negligence on the defendant, because the facts upon which defendant based its claim that plaintiff was guilty of contributory negligence were necessarily developed largely from the plaintiff's own evidence. If the court was correct in refusing the peremptory instruction for defendant, the burden of proof on the issue was under the rules announced in the leading case of G., C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538, on the defendant. It has been held, however, in a number of cases that where the plaintiff's evidence discloses the facts upon which the defendant relies to sustain its plea of contributory negligence, it is misleading to instruct that the burden is upon the defendant because the jury might infer from such charge that it could, in determining the question, consider only the evidence offered by the defendant. T. & P. Ry. Co. v. Reed, 88 Tex. 439, 31 S. W. 1058; G., C. & S. F. Ry. v. Hill (Sup.) 69 S. W. 140; St. L. & S. W. Ry. v. Martin, 26 Tex. Civ. App. 231, 63 S. W.

1089. But in this case the court devoted four separate paragraphs of the charge to instructions informing the jury that if it should be found from a "preponderance of the evidence" that certain stated facts existed, then appellee would be negligent, etc. Upon such instructions the jury could not have been misled. G., C. & S. F. Ry. v. Howard, 96 Tex. 582, 75 S. W. 805.

[7, 8] Appellant contends that the principal issue of contributory negligence relied upon by it, to wit, whether appellee should have sought lodging and remained in Haslet for the night rather than attempt the trip under the circumstances, was confused in the charge of the court as complained of in the seventh assignment, which confusion appellant asserts would have been cleared by the giving of the requested instruction the refusal of which is made the basis of the eighth assignment. The court, in submitting the plaintiff's right to recover, charged the jury that if they should find that Mrs. Gentry was under contract to be at Justin at 9 o'clock the next morning, and that she was informed and believed that she could not reach her destination by such time by waiting for the next train, and that the only practicable means of transportation was by horseback, and that without fault or negligence on her part she undertook to make the ·trip on horseback, then if the injuries as alleged resulted and the defendant was guilty of negligence as charged, they should find for the plaintiff. The fourth paragraph of the charge is as follows:

"It was incumbent upon Mrs. Gentry to use ordinary care in selecting a safe and practicable means of reaching her destination after she discovered that she had got off at the wrong station, and if you find and believe from the evidence that she did not use such care, she would be guilty of negligence."

Following this statement as to appellee's duty in this regard and as to the care of herself after the miscarriage, the court by the seventh paragraph of the charge instructed the jury to find for the defendant "if you find and believe from a preponderance of the evidence that Mrs. Gentry was guilty of negligence in going from Haslet to her destination by horseback, or in not procuring some other means of transportation," etc. The defendant made a specific objection to the second paragraph of the charge because the idea was thereby conveyed that appellee was obliged to exercise care only in selecting a means of reaching her destination on that night, and such charge excluded the consideration of the contention of appellant that appellee was negligent in not remaining at Haslet for the night, giving up the attempt to reach her destination that night by any means. We think the charge is subject to the objection urged against ·it, and, as we view it, a wrong conception was given the jury as to the main defense urged by appellant. We therefore sustain the seventh assignment. The requested instruction on this issue presented by the appellant is argumentative and on the weight of the evidence, and the court was justified in refusing it on this account.

[9, 10] Another ground of contributory negligence pleaded by appellant was that appellee, upon discovery that she had been left at the wrong station, should have made known the situation to the local agent at Haslet, and was negligent in not doing so. In this connection it was further pleaded that if the railway company had been informed of the situation, it could and would have arranged to have appellee carried to her destination on a through train, which was due to reach Justin at 9:15 a. m., but which did not ordinarily stop at Haslet and Justin. The evidence was sufficient to require the submission of the issue if a proper request therefor had been made. We are inclined to the opinion that the charge requested on this issue ·is also subject to objection as being on the weight of the evidence, in that a statement of particular evidence made in the manner used in this charge would have a tendency to create in the minds of the jury the impression that such facts should, in the opinion of the court, be given controlling effect in their determination of the issue.

[11] The court did not define "proximate cause," and the appellant requested an instruction "on the issue of proximate cause," which informed the jury that appellant would not be liable for a miscarriage caused by the horseback trip from Haslet to Justin "unless in the exercise of a high degree of care such miscarriage could have been reasonably foreseen by the defendant." It ·is not necessary that the specific injury be foreseen as the probable result of an act of negligence before the wrongdoer can be held responsible for it, and this charge would have been misleading. T. & P. Ry. Co. v. Carlin, 111 Fed. 777, 49 C. C. A. 605, 60 L. R. A. 462; 29 Cyc. 495; Sutherland on Damages (4th Ed.) 28. We therefore overrule the tenth assignment.

The pleading and evidence were sufficient to raise the issue of negligence on the part of appellee in failing to secure proper treatment after the miscarriage, and the eleventh and last assignment complains of that part of the fifth paragraph of the charge on this issue in which the jury is informed that it was appellee's duty "to use ordinary care to protect herself and prevent further injury by such reasonable means as was within her reach," etc. Appellant objects to the qualification made by the last clause as stated. If this was error, we think it was harmless, particularly when considered in connection with the eighth paragraph of the main charge and the fifth special charge requested by appellant and given.

Reversed and remanded.