GALVESTON, HOUSTON & HENDERSON RAILROAD COMPANY V.
L. RAYMOND SCOTT.

Decided February 11, 1904.

**1.—Railway—Negligence—Passenger—Liability.**

A railway company is responsible only for the proximate consequences of the negligence of its baggage agent in losing a passenger's ticket but is not liable for consequences arising therefrom which the passenger could have avoided by the use of ordinary care.

**2.—Common Knowledge—Duty of Conductor.**

The duty of a conductor to eject from the train persons without tickets or who refuse to pay fare is a matter of such common knowledge that a passenger would be presumed to expect its performance.

**3.—Contributory Negligence—Ejectment—Case Distinguished.**

The act of plaintiff in allowing his wife to board the train without a ticket or money to pay fare was such contributory negligence as would preclude him from recovering damages caused by ejection and whether or not he had money to pay her fare is immaterial. St. Louis A. & T. Ry. Co. v. MacKie, 71 Texas, 497, distinguished.

Appeal from the District Court of Galveston. Tried below before Hon. Robt. G. Street.

*Davidson & Lovenberg* and *Baker, Botts, Baker & Lovett,* for appellant.

*J. Z. H. Scott* and *James B. & Chas. J. Stubbs,* for appellee.

PLLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit to recover damages for the alleged unlawful ejection of his wife from a passenger train on appellant's railroad. The petition alleges in substance that plaintiff and his wife on the 26th of May, 1902, purchased tickets from defendant's agent at Galveston entitling them to transportation over defendant's road from said city to the city of Houston. That in order to procure checks for their baggage after purchasing said tickets plaintiff delivered them to the employe of defendant whose duty it was to check said baggage, and that said employe, after checking the baggage and delivering plaintiff duplicate checks therefor, returned plaintiff's ticket, but failed to return the one purchased for his wife. That plaintiff, when he discovered that only one of said tickets had been returned to him, notified the baggage agent of that fact and said baggage agent began a search for the ticket but failed to find same. That the ticket not having been found before the time for the departure of the train upon which plaintiff was to take passage, and plaintiff's wife having already embarked upon said train, he boarded same without said ticket. That when the conductor of said train came into the car and demanded tickets from plaintiff and his wife, plaintiff presented his ticket to said conductor and explained to him that his wife's ticket had been lost by the baggage agent, as before stated. That said conductor refused to allow plaintiff's wife to ride upon said train unless she paid her fare, and plaintiff being without ready money to pay said fare the second time,

refused to comply with said demand. That when the train arrived at Virginia Point, which is the first station reached going from Galveston over said road, plaintiff and his wife, still declining to pay said fare, were ejected from the train by the conductor. That there were no accommodations or comforts of any kind at Virginia Point, and plaintiff and his wife were forced to remain there from 3 o'clock a. m. to 7:30 o'clock a. m., when they returned to Galveston. That plaintiff's wife was in poor health, and during the time they were forced to remain at said station they were preyed upon by myriads of mosquitoes and caused to suffer much pain and annoyance thereby, and Mrs. Scott's health was thereby much further impaired. "That by reason of the wrongful acts of defendant plaintiff was caused to spend 40 cents for railroad fare for himself and wife to Galveston, and to purchase another railroad ticket at a cost of $2.90 in order to be carried to Houston on their way to Beaumont; that plaintiff and his wife sustained a loss of time of two days, amounting to $10, and further necessary expense incurred for expenses growing out of the delay in the sum of $10, and that by reason of the humiliation and disgrace, inconvenience, mental suffering and bodily pain endured and suffered by defendant's wrongful acts plaintiffs were damaged in the further sum of $1000.

The prayer of the petition is for recovery of the damages above enumerated.

The defendant answered by general and special exceptions and general denial, and specially pleaded that plaintiff was guilty of contributory negligence in allowing his wife to board defendant's car without a ticket, and "that after going upon said car it was the duty of said plaintiff and wife to alight from said train at said Virginia Point, or to pay to said conductor the fare of the said plaintiff's wife to the said Houston, Texas, which the said plaintiff refused to do, although he had funds in his possession sufficient for that purpose."

The plaintiff excepted to that portion of the answer which averred that it was plaintiff's duty to alight from the car at Virginia Point or pay the fare to Houston, on the ground that it presented no defense and was wholly irrelevant and immaterial. This exception was sustained by the trial judge.

By supplemental petition plaintiff withdrew the allegation of his original petition that he was without ready money to pay the fare demanded by the conductor.

The trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiff for $150.

The evidence sustains the finding of the jury that plaintiff purchased a ticket for his wife and that it was lost by the baggage agent as alleged in the petition. It was further shown that upon the refusal of plaintiff and his wife to pay the fare demanded by the conductor for her transportation they were informed that Mrs. Scott would be compelled to leave the train at Virginia Point, and that when the train reached that place she, in obedience to the commands of the conductor, left the train,

and plaintiff being unwilling to leave her at said station alone, got off with her. They remained at said station from about 3 o'clock a. m. until about 7 o'clock a. m., when they returned to Galveston, and after procuring another ticket resumed their journey to Houston and thence to Beaumont, which latter place was their original destination.

The mosquitoes were very numerous and active during the time plaintiff and his wife remained at Virginia Point and caused them great annoyance. There were no comforts or accommodations of any kind at said station, and Mrs. Scott was compelled to stand during a portion of the time they remained there. Owing to the delay occasioned by plaintiff's being forced to leave the train at Virginia Point he failed to make connection with the train from Houston to Beaumont and incurred the additional expense of hotel fare at Houston, and also lost a day's time from his business at Beaumont.

Appellant under appropriate assignments attacks the judgment of the court below upon the ground that the evidence in the case and the allegations of plaintiff's petition show that the injuries complained of, save and except the value of the ticket lost by the baggage agent, the additional expense of plaintiff's trip caused by the delay incidental to plaintiff's inability to reach Houston on the train on which he had procured passage and the value of the time lost by plaintiff on account of such delay were the proximate result of the contributory negligence of plaintiff and his wife in going upon said train without a ticket and in refusing to pay the fare demanded by the conductor, thereby failing to use ordinary care to prevent a greater injury than that which would have naturally resulted from the negligence of the appellant's baggage agent in losing the ticket.

The proposition upon which these assignments are based is sound in principle and is well supported by authority.

The appellant was responsible for the negligence of its baggage agent in losing or misplacing the ticket purchased by appellee for his wife but it is only liable for proximate consequences of such negligence and can not be held liable for consequences resulting therefrom which appellee could have avoided by the use of ordinary care. When appellee and his wife boarded appellant's train they knew that it was the duty of the conductor upon said train to refuse to permit Mrs. Scott to ride thereon unless she presented him with a ticket entitling her to carriage on said train, or paid him the fare for such carriage. This duty of the conductor was enjoined by a reasonable and necessary rule of the appellant, the existence of which is a matter of such common knowledge as not to require proof.

Under the circumstances shown by the evidence ordinary prudence on appellee's part demanded either that he should not have allowed his wife to leave Galveston on said train without a ticket or that he should have paid her fare when it was demanded by the conductor. Having permitted his wife to take passage on said train knowing that she had no ticket, and by refusing to pay her fare when demanded by the conductor, forcing him, in the proper discharge of his duty, to eject her from the

train, the injuries caused by such ejectment are the proximate result of appellee's disregard of the duty which he owed appellant to use ordinary care to prevent an aggravation of the injuries resulting from the negligence of appellant's agent in losing the ticket, and appellant should not be held liable therefor. We think the evidence shows that appellee had the money with which to pay his wife's fare when it was demanded by the conductor, but under the view we take of the case that fact is immaterial.

We are of opinion that appellee's act in allowing his wife to take passage upon the train without a ticket and without money with which to pay her fare, knowing that her attempt to ride thereon without a ticket or without paying her fare would result in her ejectment therefrom, would be such contributory negligence on his part as would preclude him from recovering damages for the injury caused by such ejectment, and therefore the fact of whether he had the money with which to pay her fare when same was demanded by the conductor is immaterial. Texas & St. L. Ry. Co. v. Young, 60 Texas, 201; Jones v. George, 61 Texas, 362; Texas & P. Ry. Co. v. Cole, 66 Texas, 562; Russell v. Railway, 12 Texas Civ. App., 627.

The case of St. Louis A. & T. Ry. Co. v. Mackie, 71 Texas, 497, is cited by appellee as sustaining the judgment of the court below, but we do not regard the doctrine announced in that case as in conflict with the views above expressed. The plaintiff in the case mentioned had purchased from the defendant's agent first-class tickets entitling himself and wife to transportation over the defendant's railroad. Either by the mistake or the intentional wrong of the agent he gave the plaintiff second-class tickets. Plaintiffs paid for first-class tickets and supposed the tickets given him by the agent were of that class, though he did not examine them. When the tickets were presented to the conductor it was discovered that they were second-class, and plaintiff and his wife were forced to leave the first-class car in which they had seated themselves and ride in a second-class car. The court held that the fact that plaintiff might have remained in the first-class car by paying the conductor the difference between the price of first and second-class tickets was no defense to plaintiff's claim for damages for the humiliation caused himself and wife by their removal from the first-class car and for the inconvenience they suffered by being compelled to ride in a second-class car. This holding, however, is expressly based upon the assumption that there was no negligence on the part of the plaintiff in not examining the tickets before he got upon the train, or rather that the question of plaintiff's negligence in the premises was eliminated from the case by the finding of the jury under proper instructions. In other words, when he got upon the car Mackie did not know that he did not have a ticket entitling him to ride in the first-class car, and this ignorance on his part was not due to his failure to use ordinary care, therefore the injury caused him by his removal from the first-class car was the proximate result of the negligence of the agent in giving him second-class tickets and was

not contributed to by any act or omission on his part. The court simply held that under these facts plaintiff was not required to lessen the damage proximately resulting from defendant's negligent failure to comply with its contract by paying to the defendant as additional compensation to induce it to perform a duty which it had already been fully paid to perform.

Our conclusion being that the appellee in knowingly allowing his wife to embark on appellant's train without a ticket entitling her to carriage thereon and with no money to pay her fare or a fixed purpose not to do so when it was demanded by the conductor was guilty of contributory negligence, we think the instant case is clearly distinguishable from that of Railway v. Mackie, supra. The case of Russell v. Railway, supra, fully sustains our conclusions, and the fact that a writ of error was refused in that case by the Supreme Court shows that our interpretation of the opinion in the Mackie case is correct.

The amount of damages to which the appellee is entitled as compensation for his additional expense and loss of time caused by the negligence of appellant's agent in losing the ticket is not shown by the record with sufficient certainty to enable us to render judgment therefor. Such being the state of the record, the judgment of the court below is reversed and this cause remanded for a new trial in accordance with the views before expressed.

*Reversed and remanded.*

Writ of error refused.