Leon County v. J. E. Vann.

No. 159.

**1. Pleading—Estoppel.**

Suit by county against a contractor on his guaranty of a bridge built by him. The petition alleged that the defendant had received the contract price for the bridge. *Held*, that the allegation sufficiently alleged the authority under which the bridge was built, and that the defendant having received the benefit of the contract, he was estopped to deny its validity........................................................... 707

**2. Ratification.**

If the county, through the Commissioners Court, received the bridge and settled for it, and the defendant received the consideration, it was unimportant whether or not it be shown that the contract in the first instance was made by its duly authorized agent. Proof that the Commissioners Court had ordered the issuance of a warrant, that the warrant was issued and had been paid, would show a valid contract by ratification ........................................................... 708

Certified Questions from Court of Civil Appeals for Fifth District, in an appeal from Leon County.

*Farrar, Kincaid & Williams*, for appellant.

GAINES, Associate Justice.—It is alleged in the petition, which is made a part of the statement upon which the question certified is predicated, in substance, that after the defendant had completed his work upon the bridge, " he received from plaintiff therefor the sum of $400, less the sum of $20 deducted for defective flooring placed in one of the outside' approaches.'' The reasonable intendment from this averment is, that Leon County recognized and ratified the contract which had been made on its behalf, and paid the defendant for the work that had been done in pursuance of its terms.

It is clear that in such a case the defendant should not be permitted to assert a want of authority in the agents who purported to act on behalf of the county in making the contract. Having received the benefit of the contract, he is estopped to deny its validity. The allegation was proper, both in order to show that the county had performed its part of the agreement and that the defendant had precluded himself from denying the validity of the contract.

It being proper to allege that the county had paid for the work, and that the defendant had accepted such payment, it was also proper to show by the evidence not only that the payment had been made, but also that it was directed to be made by proper authority. The fact that the Commissioners Court had made an order for the payment of the money, that a warrant had issued in pursuance of such order upon the county treasurer, and that the warrant had been paid to defendant, were material

and relevant under the allegations in the petition, and were therefore admissible in evidence.

If the county, through the Commissioners Court, received the bridge and settled for it, and the defendant received the consideration, it was unimportant whether or not it proved that the contract in the first instance was made by its duly authorized agent.

We think that if the county had been permitted to prove that the Commissioners Court had directed a warrant to issue to the defendant in payment for the bridge under the contract, and that the warrant was issued and the money paid to the defendant, it would have shown a valid contract by ratification, and the evidence in so far would have authorized a judgment in favor of the county against the defendant.

Delivered May 24, 1894.