McINTOSH v. ATCHISON, T. & S. F. RY. CO. (No. 652.)

(Court of Civil Appeals of Texas. El Paso. Jan. 25, 1917.)

1. JURY ☜85—CHALLENGES—DISCRETION OF COURT.

The trial court may allow a challenge for cause on other grounds than those which render a juror disqualified in the particular case, and when this discretionary power is exercised, it ought not to be reversed, unless it clearly appear that the party complaining has been deprived of a trial by a fair and impartial jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 405.]

2. APPEAL AND ERROR ☜1001(3)—REVIEW—ISSUES—SCOPE.

An assignment of error that the court erred in rendering judgment for defendant by reason of a jury finding of violation of the federal Safety Appliance Act cannot be sustained where there is neither pleading nor evidence of such violation by the defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3934.]

3. APPEAL AND ERROR ☜1170(10)—REVIEW—HARMLESS ERROR.

In action for personal injuries, where the jury in answer to special issues found that the accident was unavoidable, and that the defendant was not negligent, special instructions given at defendant's request which in effect charged that it was plaintiff's duty to inspect the appliance causing the injury could not affect the result, and, under rule 62a (149 S. W. x), did not justify a reversal of judgment for defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4066, 4544.]

4. TRIAL ☜260(1)—REQUESTS—INSTRUCTIONS COVERED BY GENERAL CHARGE.

The refusal of requested instructions is not error where the instructions are sufficiently given in the general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651.]

5. NEW TRIAL ☜143(4) — IMPEACHMENT OF VERDICT—AFFIDAVITS OF JURORS.

Under the rule that verdicts in civil cases cannot be impeached by affidavits or testimony of the jurors, a motion for new trial based on the affidavits of jurors that if they had known the effect of their answers to certain questions they would have answered differently was properly refused.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 295.]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by R. H. McIntosh against the Atchison, Topeka & Santa Fé Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Geo. E. Wallace, of El Paso, for appellant. Turney & Burges, of El Paso, and A. H. Culwell, Terry, Cavin & Mills, and Jno. G. Gregg, all of Galveston, for appellee.

HARPER, C. J. R. H. McIntosh instituted this suit against the Atchison, Topeka & Santa Fé Railway Company for damages for personal injuries under substantially the following allegations: That in May, 1915, while employed by defendant as a brakeman, in the operation of interstate trains, as the train upon which he was working entered San Bernardino, Cal., and as he was passing along a running board, his foot struck a nail or spike which protruded from the said running board, and he was caused to fall from the top of the car and injured.

Defendant filed general denial and pleas of assumed risk and contributory negligence. Tried with jury. Submitted upon special issues, and upon the answers thereto, the court entered judgment for defendant, from which this appeal is prosecuted.

The first assignment charges that it was error to overrule peremptory challenges to certain jurymen, because their answers to question on their voir dire showed that they had such bias and prejudice against the plaintiff and the cause of action as to render them unfit and partial jurors.

The record shown by the bill of exception discloses that the challenge overruled or refused by the court was one for cause, and not a peremptory challenge as asserted in the assignment. Each of the three jurymen in answer to questions stated that in a case where plaintiff resided in California, and, the accident having occurred there, the suit was brought here, it would take more evidence for them to return a verdict for plaintiff than if he resided here and the accident had occurred here, and one of them testified that he had a prejudice against all suits for damages for personal injuries. Upon being interrogated by the court and defendant's counsel, they stated that they would take that state of mind into the jury box, but that they would render a fair and impartial verdict according to the law and the evidence. The court overruled the challenge for cause, and the jurymen were challenged peremptorily, and three others (naming them) were taken in their place, which would have been challenged peremptorily. The bill further recites that when, after verdict, the jurymen were summoned before the court, at the request of plaintiff, to inquire into the verdict rendered, the three jurymen taken testified that they intended to so answer the special issues submitted as to give plaintiff a judgment for $7,500.

[1] The rule applicable to such state of facts is that:

"The court, trying a cause, may allow a challenge for cause on other grounds than those which are declared to render a juror disqualified in the particular case, and when this power, which must necessarily be discretionary in character, is exercised, it ought not to be reversed in any case unless it be made clearly to appear that thereby the party complaining has

been deprived of a trial by a fair and impartial jury." Couts v. Neer, 70 Tex. 468, 9 S. W. 40.

The only showing attempted in this respect (the latter) is that plaintiff was compelled to accept three jurymen that he would not otherwise have accepted but for the fact that his peremptory challenges were exhausted, and as to these there is no indication that they were not fair and impartial jurymen, but upon the contrary, the bill of exceptions filed by appellant discloses that each of them upon oath stated that they thought they were finding the facts in response to special issues which authorized him (appellant) to recover, which, it seems to us, is conclusive proof that they were in fact impartial. Overruled.

The second assignment reads:

"Because the court erred in rendering judgment in favor of the defendant and against the plaintiff on the answers of the jury to the special issues, for the reason that it was shown that the car from which plaintiff fell was engaged in being moved as an interstate shipment, and was being operated in an interstate shipment by plaintiff and defendant in violation of what is known as the federal Employers' Liability Act and the federal Safety Appliance Act, and the rules and regulations made thereby by the Interstate Commerce Commission by authority of what is known as the federal Safety Appliance Act in that the running board was fastened and maintained to said car in violation of law, by reason of the fact that nails were used to fasten said running board on said car instead of screws and bolts, as provided by the Interstate Commerce Commission by virtue of the Safety Appliance Act, and by reason of the fact that the jury found that plaintiff's fall was due to striking a nail, the defendant was guilty of negligence per se, and plaintiff, under said law, could not be guilty of contributory negligence, or assume the risk, and the court should have rendered a judgment for plaintiff for the sum of $10,000."

The proposition is:

"The evidence being undisputed that plaintiff was engaged in interstate commerce, and the jury having found that he was injured by striking his foot against a nail used to fasten the running board on an interstate car in violation of the rules of the Interstate Commerce Commission, the court should have rendered a verdict for plaintiff, even though the jury also found that plaintiff was guilty of contributory negligence or assumed the risk."

[2] The answer is that there is neither pleading nor evidence that the nail claimed to have been the cause of the accident was used to fasten the running boards; so, even if it be true that a rule of the Interstate Commerce Commission requires running boards to be fastened on with screws and bolts, there being no evidence that the railway company had not complied with the rule, and none that the nail in question was used for that purpose, the assignment is without foundation in fact. Overruled.

By his third and fourth assignments he urges that it was error to give the following special issues and defendant's special charge because they charged that it was the duty of plaintiff to inspect the car and its appliances.

Six and 7 of the general charge read:

"No. 6: Did the plaintiff know, or by the use of ordinary care could he have known, of the existence of such a nail?

"No. 7: If you have answered the former question in the affirmative, then did plaintiff know, or by the exercise of ordinary care could he have known, of the risks and dangers incident to passing over such car?"

Special charge No. 1, as complained of, given for defendant, reads:

"You are instructed that a railway company is not an insurer of the safety of their employés, and that an employé of a railroad company assumes all the risk and dangers which are ordinarily incident to his employment; and he also assumes all risks and dangers incident to the employment in which he is engaged as such business is actually conducted, whether naturally inherent in the conduct of said business, or not, and of which risk and dangers the employé knew, or must have known in the exercise of ordinary care for his own safety, in the performance of the duties of his employment.

"Now, bearing in mind the foregoing instrument, you will answer this question:

"Special issue No. 1 requested by defendant: Do you find from the evidence that plaintiff was caused to fall by one of the risks incident to his employment? Answer 'Yes' or 'No.'

"Special issue No. 1A requested by defendant: If you have found that plaintiff tripped over a nail on the running board of said car, then state if the risk or danger of tripping over said nail was one of the risks ordinarily incident to his employment."

[3] In view of the fact that the jury found that the accident was unavoidable, and that the defendant was not guilty of negligence, we cannot see how such charge affected the final result. Rule 62a (149 S. W. x). Overruled.

[4] The seventh complains of the failure of the court to give special charges requested by plaintiff upon assumed risk. In this there was no error, for the reason that the general charge contained a sufficient definition.

[5] The fifth and sixth urge that the court should have granted the motion for a new trial because upon inquiry of the jurymen after their verdict was rendered and after they had been discharged they testified that, if they had known of the effect of their answers as made to certain questions, they would have answered differently; that they were misled by the foreman, etc. It is well settled that verdicts of juries in civil cases cannot be impeached by affidavits or testimony of the jurors themselves. Railway Co. v. Ricketts, 96 Tex. 71, 70 S. W. 315; Crosby v. Stevens, 184 S. W. 705.

Finding no error in the record, the cause is affirmed.