**DOBBS et al. v. JOHNSON. (No. 6564.)**

(Court of Civil Appeals of Texas. San Antonio. May 4, 1921.)

1. Insurance ☜187(3)—Physician liable on note given life insurance agents for policy premium on agreement he might pay it from his fees from medical examinations.

Where agents of a life insurance company had a physician who took out a policy appointed medical examiner for the insurer on his agreement to pay the note given for the premium advanced by such agents with funds received for examinations, such physician, who received some $485, but paid only $85 on the premium note of $258, while tenaciously holding the policy, is estopped to deny his liability on his premium note to the agents, despite partial breach on the agents' part through failure to give the physician enough examinations in the six months at the end of which the note became due to pay it, such provision having been waived by the physician's agreement to give the agents all he might make for six months more.

2. Evidence ☜441(11)—Testimony varying written note or contract should have been excluded on payees' objection.

In suit by life insurance agents on a premium note given them by a physician whom they had appointed medical examiner for the insurance company, the note providing that it was to be paid by medical examinations, testimony as to another agreement varying the written note or contract should have been excluded on the objection of plaintiff agents.

Error from Tarrant County Court; W. P. Walker, Judge.

Action by W. N. Dobbs and another against Harold V. Johnson. Judgment for defendant, and plaintiffs bring error. Reversed, and judgment rendered for plaintiffs.

Charles T. Rowland, and Marvin H. Brown, both of Fort Worth, for plaintiffs in error.

FLY, C. J. W. N. Dobbs and A. J. Street, herein named plaintiffs, instituted this suit against defendant in error, called defendant herein, to recover on a promissory note for $258 with credits amounting to $85. The note provided for reasonable attorney's fees, which were alleged to be $100. The note at its close provided: "To be paid by medical examinations. Due on or before March 1, 1915." Fraud was charged by defendant, in plaintiff alleging a fee of $100, in order to obtain jurisdiction by the county court. Defendant set up as a defense that plaintiffs had agreed to give defendant enough medical examinations of applicants for insurance to pay off the note, which was given as a premium for insurance on his life in the Franklin Life Insurance Company, plaintiffs being the agents for such company. On answers returned by a jury to special issues, submitted by the court, judgment was rendered that plaintiffs take nothing by their suit, and that the note be canceled and annulled.

Exceptions were urged to the defense that it had been agreed that the note should be paid in medical examinations made by defendant of applicants for insurance furnished by plaintiffs in sufficient numbers to pay off the whole of the note. And evidence sustaining the answer was objected to on the ground that it varied the terms of a written contract.

[1] The evidence clearly shows that the note was given for a $10,000 life insurance policy, and that defendant received the benefit of the insurance for more than a year, for which he has paid only $85. The evidence showed that not enough examinations were made during the first six months after the note was executed to pay off the same, and it is the contention of defendant that failure to give him enough examinations in the six months at the end of which the note became due, automatically discharged his liability on the note. If the testimony of defendant is to be credited, even if the construction insisted on by him could be upheld, he has waived the provision in the note by agreeing to give plaintiffs all that he might make for six months more. This promise was made after the first six months had expired. He admitted receiving $485 in examinations, and yet he had paid only $85 towards the premium on a life policy for $10,000, which he tenaciously held. The money defendant made from examinations came to him through the action of plaintiffs in having him appointed medical examiner for the insurance company, and he has requited their favor by refusing to pay them for the premium which they paid for him to the company. He should, in equity and good conscience, be estopped to deny his liability. He obtained full value for the note executed by him, and he should not be allowed to profit at the expense of the payees of the note. He holds an insurance policy on his life paid for by plaintiffs, and makes no offer to pay them for the money paid out by them for his premium. He does not claim to have sustained any damage at the hands of plaintiffs, but, on the other hand, he has greatly profited by them. Where a party to a contract has received and retained the benefits of a substantial partial performance thereof by the other party, he cannot rescind the contract, but it must be carried out. There is no basis in the evidence upon which to found a cancellation of the note. There was no pretense of fraud, accident, or mistake, but the cancellation is based on a claim of payment because enough examina-

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tions were not furnished defendant to pay off the note. This could form the basis of no suit, except one for damages, and these were neither alleged nor proved. The consideration for the note had been fully paid in the issuance of the $10,000 policy, and defendant cannot escape payment of the premium after having enjoyed the benefit of the insurance for more than a year. The partial breach of the contract, if such breach occurred, would not form the basis for a rescission of the contract, but might justify a suit for damages. In this case, however, defendant continued the contract after he says it was breached, and such waiver would have the effect of doing away with the effects of a breach. 6 R. C. L. § 383, p. 1022; Temple National Bank v. Warner, 31 S. W. 239; Leon County v. Vann, 86 Tex. 707, 27 S. W. 258.

[2] The exceptions should have been sustained to the answer which failed to allege a defense to the action, and testimony as to another agreement which varied the written contract should have been excluded.

The judgment is reversed, and judgment here rendered that plaintiffs recover of defendant the sum of $173 principal, with interest at 6 per cent. per annum from September 1, 1914, and $25 attorney's fees, with 6 per cent. interest from date, and all costs in this behalf expended.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes