**JACOBSEN v. VAN SYCKEL et al.**
(No. 1408.)

(Court of Civil Appeals of Texas. El Paso. Feb. 15, 1923.)

**1. Appeal and error ⟸1001(1)—If evidence sufficient, verdict will not be set aside because evidence not entirely satisfactory.**

Where the evidence is sufficient to sustain a verdict, the appellate court would not be justified in setting it aside merely because the evidence is not entirely satisfactory.

**2. Appeal and error ⟸1051(1)—Admission of letter, though erroneous, held not reversible error, where it could not affect findings on controlling issues.**

If, in an action for damages for unmarketable butter, a letter addressed to plaintiff and signed by the city food inspector, condemning the butter, was erroneously introduced in evidence, held its admission was not reversible error, where there was other competent evidence indisputably to show that the butter was condemned, and the letter could not have affected the findings upon the controlling issues.

**3. New trial ⟸143(5)—Verdict of jury cannot be impeached by ex parte affidavit of juror.**

The verity of a verdict cannot be impeached by ex parte affidavit of a juror or otherwise, and hence it was not error in overruling a motion for new trial, based upon the affidavit of one of the jurors, "that the verdict was a makeshift affair, invented for the purpose of avoiding further consideration of the case, and not a true verdict, and was agreed to merely as a means of disposing of the case."

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by Williams S. Van Syckel and another against C. L. Jacobsen. Judgment for plaintiffs, and defendant appeals. Affirmed.

Peden & Peden, of El Paso, for appellant.

A. J. Harper, of El Paso, for appellees.

HIGGINS, J. The appellees, Van Syckel and Ahl, sued appellant to recover damages in the sum of $900, alleging that they purchased from defendant 3,000 pounds of No. 2 butter for $900, which was represented to be marketable and fit for human consumption, and that the butter delivered under the contract of sale was not No. 2 butter, was unmarketable, unfit for human consumption, and worthless. From a verdict and judgment in the sum of $300.90 the defendant appeals.

[1] 1. While the evidence is not wholly satisfactory it is sufficient to sustain the verdict. This court would not be warranted in setting aside the verdict because the evidence is not entirely satisfactory to it.

[2] 2. The admission in evidence of the letter of the food inspector of the city of El Paso addressed to the plaintiffs, showing that the butter was condemned by the city as "rancid and unfit for human consumption," if erroneous, is not reversible, for the reason that by other competent evidence it is indisputably shown that the same was so condemned, and that at the time of condemnation it was in the condition stated. The defensive issues tendered by the defendant arise upon other phases of the evidence, and this letter could not have affected the findings upon the controlling issues.

[3] 3. The court did not err in overruling the motion for a new trial based upon the affidavit of one of the jurors—

"that the verdict was a makeshift affair, invented for the purpose of avoiding further consideration of the case, and not a true verdict, and was agreed to merely as a means of disposing of the case."

The verity of a verdict cannot be thus impeached by ex parte affidavit or otherwise. Crosby v. Stevens (Tex. Civ. App.) 184 S. W. 705; Ellerd v. Ferguson (Tex. Civ. App.) 218 S. W. 605; Farrand v. Railway Co. (Tex. Civ. App.) 205 S. W. 845; McIntosh v. Railway Co. (Tex. Civ. App.) 192 S. W. 285. Affirmed.