TWICHELL v. KLINKE et al.  (No. 2371.)

(Court of Civil Appeals of Texas. Amarillo. March 18, 1925. Rehearing Denied April 22, 1925.)

1. Appeal and error ⟨⟩882(14)—One requesting submission of special issue cannot complain that there was no evidence to warrant its submission.

One requesting a special issue to be submitted to jury cannot thereafter complain on ground that there was no evidence to warrant its submission.

2. Appeal and error ⟨⟩882(11)—One requesting submission of special issue cannot complain that jury's answers thereto not supported by evidence.

One requesting submission of special issue cannot complain that there was no evidence to sustain answers of jury to such issues, but rule is not applicable when appellant questions sufficiency of evidence to sustain finding of jury on issues tendered by him to support their verdict.

3. Appeal and error ⟨⟩264—One failing to except to submission of special issue waives right to object to verdict.

One failing to except to submission of special issues to jury waives right to object to verdict of jury on such issues, and fact that objection is brought forward in motion for new trial does not take place of objections required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1971.

4. Evidence ⟨⟩588—That no direct contradictory testimony on a single issue may be discounted by testimony as whole.

That on a single issue there is no direct contradictory testimony may be discounted by testimony as a whole, furnishing a denial of fact testified to by the witness.

5. Evidence ⟨⟩588—Jury exclusive judges of testimony and weight to be given it.

Jury are exclusive judges of testimony and weight to be given it, and because it refuses to believe a witness, especially an interested one, cannot necessarily be regarded as prejudicial.

6. Judgment ⟨⟩256(6)—Finding of jury not sustained by evidence may be disregarded in rendering judgment.

In action on note given for purchase price of tractor, where there was no pleading or evidence upon which jury could have found value of tractor, but appellant tendered issue as to value, which was submitted, court in rendering judgment could disregard such issue and answer thereto, and judgment in excess of jury's finding as to value of tractor was not erroneous.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Bills and notes ⬤⟹139(2)—Promise to pay interest sufficient consideration for extension of due date of note.**

Agreement between owner of note and maker, whereby due date of note was extended for one year, if maker would pay interest, was a binding contract without additional consideration.

**8. Appeal and error ⬤⟹194(1)—That plea of estoppel by waiver not presented in due order of pleading not available on appeal, where not objected to in court below.**

If plea of estoppel by waiver is not presented in due order of pleading, but no objection by way of exception is made to it on that ground in court below, such question cannot be raised on appeal.

**9. Bills and notes ⬤⟹140—Owner of note, extending time of payment, held entitled to plead waiver by maker of pre-existing fraud.**

Where owner of note agreed to extension of time of payment on promise by maker to pay interest, and owner thereafter executed his part of contract and was thus placed in worse position contract was purged of fraud, and owner was entitled to plead estoppel by waiver, on part of maker, of any pre-existing fraud.

**10. Trial ⬤⟹304—Verdict affected by extraneous influence not permitted to stand.**

The jury in their deliberation should not consider any extraneous matter, and, when it is even doubtful whether extraneous influence has affected verdict, such verdict will not be permitted to stand.

**11. Trial ⬤⟹304—Consideration by jury of settlement with codefendant held not to have influenced verdict, where it only affected an issue which was not properly before them.**

In suit on notes for purchase price of tractor, where value of tractor was not shown and special issue as to value was not properly submitted, *held*, that fact that jury considered a settlement made by plaintiff with one of defendants could not have influenced their verdict, since it could only have affected issue as to value of tractor, which was not properly before jury.

**12. Trial ⬤⟹344—Juror not permitted to impeach verdict.**

A juror should not be permitted to impeach his verdict.

**13. Trial ⬤⟹344—Testimony of single juror as to mistake in verdict held not to render it invalid.**

Where special issues and jury's answers thereto were read aloud to jury, and court asked jury specifically if it was their verdict and they answered in affirmative, *held*, that testimony of one juror that it was his intention to answer a special issue a certain way, but that it was answered contrary thereto, should not have been considered, and could not have effect of changing verdict or rendering it void.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by F. C. Klinke and others against W. D. Twichell and others. Judgment for plaintiffs against named defendant, and he appeals. Affirmed.

Kimbrough & Kimbrough and H. L. Adkins, all of Amarillo, for appellant.

A. A. Lumpkin and Paul A. Speer, both of Amarillo, for appellees.

RANDOLPH, J. F. C. Klinke, as plaintiff, brought this suit in the district court of Potter county, Tex., against W. D. Twichell, and the widow and heirs of F. J. Trigg, deceased, upon a note for $1,000 executed by F. J. Trigg and W. D. Twichell, payable to 🔲🔲🔲; and secured by chattel mortgage upon certain crops and an Avery tractor. Twichell was sued as one of the original makers of the note, and the other defendants were sued as heirs of F. J. Trigg, the other maker, upon the allegation that such heirs had received property from his estate in value in excess of the amount due on the note sued on. Plaintiff also pleaded a pledge by F. J. Trigg of a $750 vendor's lien note executed by one A. B. Carter to secure the note sued on, and prayed for judgment against all of the defendants for principal, interest, and attorney's fees due on said note, and for foreclosure of the liens mentioned. The Avery Company of Texas was brought into the case by defendant Twichell. The case was tried before a jury and submitted to them upon special issues, and upon the answers to such issues made by the jury, and upon findings of his own, the trial court rendered judgment in favor of plaintiff and against the defendant Twichell for the sum of $1,285.54, with interest from the date of judgment at the rate of 8 per cent. per annum, for foreclosure of the chattel mortgage lien upon the tractor and other property, and directing that order of sale be issued; that plaintiff take nothing by his suit against the defendants, the widow and heirs of F. J. Trigg, deceased; and that the defendants take nothing as against the Avery Company.

It appears from the record that the widow and heirs of F. J. Trigg, pending the trial before the jury, compromised with plaintiff by paying the sum of $300; hence the judgment in their favor. Defendant Twichell appeals to this court from such judgment.

Appellant's first proposition is as follows:

"1. When the verdict is without evidence to support it, or is plainly against the weight of the evidence, a judgment rendered upon it is erroneous and should be set aside on appeal; and where such verdict is plainly based upon prejudice or bias, or upon surmise or suspicion, it is particularly the duty of the appellate court to review the testimony and set the verdict and the judgment aside. Assignments Nos. 1–7, inc."

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Under this proposition, appellant assails, as error, the giving by the trial court of special issues No. 1 (c), No. 2 (b), No. 4, No. 1 (b), No. 1 (d), No. 3 (a, b), No. 5 (a, b).

In order that the errors assigned by appellant under the above propositions be understood, we here copy from the charge of the court the issues complained of:

"Special Issue No. 1. Did H. R. Lukens, in the negotiations leading up to and resulting in the sale of the tractor in controversy to Trigg and Twichell, represent to the defendant W. D. Twichell that:

"(a) That the tractor was as good as a new tractor?

"(b) That it would furnish adequat: power to pull a seven-foot tandem disc harrc'?

"(c) That it could be operated by per ons other than skilled tractor mechanics?

"(d) That it could be operated with economical consumption of fuels and lubricants?

"(e) That it would furnish adequate power to summer fallow and cultivate the defendant W. D. Twichell's 400 acres of land for wheat planting in the fall of 1918?

"If you find that any of the foregoing representations were made, but fail to find that all of them were made, then you will designate in your verdict which were made and which were not made.

"Special Issue No. 2. If to any subdivision of special issue No. 1 above you answer in the affirmative, then answer:

"(a) Were any of said representations, of any so made, false?

"(b) Which, if any, of said representations, if any so made, was false? (Designating such, if any you find were false, as (a), (b), (c), (d), or (e), as in special issue No. 1.)

"Special issue No. 3. If to special issues Nos. 1 and 2 above you find and answer in the affirmative, that is, that any representations therein mentioned were made, and were false, then answer:

"(a) When did the said W. D. Twichell discover that said representation or representations, if any, was false? And

"(b) When, in the exercise of ordinary care and diligence, should he have discovered that said representation or representations, if any, were false?

"Special Issue No. 4. Did H. R. Lukens, at the time said tractor was purchased by Trigg and Twichell, know that said defendants, Trigg and Twichell, were purchasing same for the purpose of using it in summer fallowing and cultivating defendant W. D. Twichell's 400 acres of land in Deaf Smith county, for sowing said land in wheat in the fall of 1918?

"Special Issue No. 5. (a) Was the tractor in controversy of any value for the purpose for which it was purchased by Trigg and Twichell, at the time it was so purchased?

"If in answer to special issue No. 5 (a) above you answer in the negative, you need not answer (b) below; but if you answer it in the affirmative, then answer:

"(b) What was the value, in money, of said tractor for said purpose at said time?"

By way of explanation of the particular grounds upon which this proposition is based, we copy appellant's assignments of error 1 to 7, which assignments are stated by appellant to be germane to said proposition No. 1:

"1. Because the verdict of the jury consisting of its answer to special issue No. 1 (e) is not supported by the evidence, but is contrary thereto.

"The jury, in answer to special issue No. 1 (e) found the fact that Lukens, in selling the tractor in controversy to defendant Twichell, did not represent that it would furnish adequate power to summer fallow and cultivate defendant Twichell's 400 acres of land for wheat planting in the fall of 1918. The only testimony on this fact is that of defendant Twichell, himself, who testified that said representation was made. H. R. Lukens, witness for plaintiff, who personally conducted the negotiations, of sale, though given abundant opportunity, never denied making this representation, nor was Twichell's testimony on this issue contradicted by any other witness. The finding as therefore not supported by the evidence, but directly contrary to all of the testimony on the issue. (Assignment 2 in motion for new trial. Tr. 118, 119.)

"2. Because that part of the verdict consisting of the jury's answer to special issue No. 2 (b) is not supported by the evidence, but is contrary thereto.

"The jury found, in answer to special issue No. 1· (b), that in the sale Lukens represented that the tractor would furnish adequate power to turn a seven-foot tandem disc harrow, and in an answer to special issue No. 2 (b) found that said representation was not false.

"The witness W. D. Twichell testified unequivocally that the tractor never was able to pull said implement in high gear at all, and in low gear only spasmodically. Upchurch, a witness who had operated the same tractor prior to the time that it was sold to Twichell, testified that it could not do said work, and no witness taking the stand on trial testified that he had ever seen the tractor, after it was sold to Twichell, pull this implement, and neither was there any other competent testimony establishing the fact that said representation was not false.

"This finding, therefore, is contrary to all the testimony on issue and is supported by none of the evidence. (Assignment 3 in motion for new trial. Tr. 119, 120.)

"3. Because that part of the verdict of the jury consisting of the jury's answer to special issue No. 2 (b) is unsupported by the testimony and contrary to the evidence in the following respects:

"The jury found the answer to special issue No. 1 (c) that in the sale Lukens represented to defendant Twichell that the tractor could be operated by persons other than skilled tractor mechanics, but in answer to special issue No. 2 (b) they found that said representation was not false.

"The testimony shows that no other than a skilled tractor mechanic was ever able to operate the tractor after its sale to Twichell, and that even the mechanics were unable to operate the tractor for anything but short and particularly negligible intervals of time and distance. There is no testimony whatever in the record showing that persons other than skilled mechanics were able to or could operate the

tractor. This finding of the jury is therefore unsupported by competent testimony and contrary to the evidence adduced.

"4. Because of the verdict of the jury consisting of its answer to special issue No. 2 (b), that the representation that the tractor could be operated with economical consumption of fuels and lubricants was not false, is unsupported by competent testimony and is contrary to the evidence and the greater weight thereof in the following respects:

"The jury found, in answer to special issue No. 1 (d), that Lukens, in selling the tractor, represented that it could be operated with economical consumption of fuel and lubricants, but in answer to special issue No. 2 (b) found that said representation was not false.

"The defendant W. D. Twichell testified at length to the wasteful consumption of fuel and lubricants and the only other witness who testified on this issue from actual operation of the tractor, testifying as a witness against defendant Twichell, testified on both direct and cross examination that on the only occasion when he operated the tractor, which was when the tractor was being delivered to Twichell, it was using an excessive amount of lubricants. Except for the testimony of Twichell and Witherspoon, there is no testimony on the issue and the finding of the jury on the issue is entirely unsupported by competent testimony and is contrary to the evidence and greater weight thereof. (Assignment 5 in motion for new trial. Tr. 120, 121.)

"5. Because the verdict of the jury consisting of its answer to special issue No. 3, to the effect that defendant Twichell discovered the frauds of which he complained in July, 1918, and that in the exercise of ordinary care and diligence he should have then discovered the falsity of said representations, is unsupported by competent testimony and is contrary to all of the evidence and the greater weight thereof, and testimony on this issue is entirely contrary to this finding:

"It shows that for many months after defendant Twichell was informed in July, 1918, that the Avery Company had nothing to do with the tractor, but that it was plaintiff's affair, Twichell continued his efforts to make the tractor operate and continued to rely upon the efforts and promises of plaintiff and his agents to make the tractor operate. Testimony shows that until January, 1919, the defendant Twichell thought the tractor would be made to work and did not discover until then, when plaintiff informed him that he would have to get relief from the Avery Company, that the representations upon which the tractor had been sold to him were false. (Assignment 6 in motion for new trial. Tr. 121, 122.)

"6. Because the verdict of the jury, consisting of its finding, in answer to special issue No. 4, that when Lukens sold the tractor to Trigg and Twichell he did not know that it was purchased for summer fallowing and cultivating Twichell's 400 acres of land in Deaf Smith county for wheat sowing in the fall of 1918, is unsupported by competent testimony and is contrary to the evidence and the greater weight thereof in the following respects:

"Twichell testified that when he started negotiations with Lukens for the purchase of the tractor, he informed Lukens of his intended purpose to use the tractor to cultivate and summer fallow the said 400 acres of land in Deaf Smith county, preparatory to planting the same in the fall of 1918 in wheat. Lukens himself, appearing as a witness in the case, never in any manner contradicted the testimony of defendant Twichell on this issue. Furthermore, no testimony came from any other witness in the case on this issue, and Twichell's testimony stands uncontradicted, and the record in this case is absolutely barren of any testimony supporting this finding of the jury. (Assignment 7 in motion for new trial. Tr. 122, 123.)

"7. Because the verdict of the jury consisting of its answer to special Issue No. 5 (a) and (b), that the tractor in controversy, when sold to Twichell, had some value for the purposes for which it was sold, and that said value was $600, is unsupported by competent testimony and is contrary to the evidence and the greater weight thereof in the following respects:

"Several witnesses testifying for defendant Twichell testified that the tractor was without any value as a farming implement, and their testimony establishes conclusively that the tractor had absolutely no value for the purposes for which it was sold. The record discloses no testimony whatsoever contrary to that of the witnesses who testified that the tractor was valueless, and particularly no witness testified that the tractor had any specific money value. The jury's verdict therefore that the tractor was worth $600 is an arbitrary finding, purely speculative and entirely unsupported by the testimony, and in fact positively contrary to all of the evidence introduced upon the issue. (Assignment 8 in motion for new trial. Tr. 123.)"

Appellee Klinke raises the objection to our consideration of these alleged errors because the errors, if any, were invited by appellant tendering the court special issues which were adopted by the court, and for that reason they should not be considered.

"It is the right and duty of counsel engaged in the trial of a cause to aid the court in arriving at a correct solution of the legal questions involved in a case, and to enable them to exercise this right, and to perform the duty, the law confers upon them the privilege of requesting the court to give the jury charges embodying the law as to such counsel it appears to be applicable to the facts proved, and it is a general rule that, when counsel has requested the court to charge a given proposition of law, and it is given, if the charge requested and given is erroneous, such error cannot be taken advantage of by the party whose counsel made the request. This is true, even where the charge requested is refused, if the same proposition is embodied in the charge given by the court, because it will be presumed that the charge given by the court was so given in compliance with the request made." I. & G. N. Ry. Co. v. Sein, 89 Tex. 66, 67, 33 S. W. 215, 558; Wichita Cotton Oil Co. v. Hanna, 107 Tex. 30, 173 S. W. 644.

[1, 2] One who has requested a special issue to be submitted to the jury cannot complain on the ground that there was no evi-

dence to warrant its submission. Hanrick v. Hanrick, 110 Tex. 67, 173 S. W. 211, 214 S. W. 321. This rule applies also to the answers of the jury to the issues so submitted, but does not apply when the appellant questions the sufficiency of the evidence to sustain the finding of the jury upon the issues tendered by him to support their verdict. Electric Express & Baggage Company v. Ablon, 110 Tex. 241, 218 S. W. 1030.

[3] The appellant's right to object to the verdict of the jury upon any issue, because there is no evidence to support it, is also waived by his failure to except on that ground to the action of the court in submitting that particular issue (Electric Express & Baggage Co. v. Ablon, supra); he having made it impossible to except thereto by tendering, in form, the very issue. The fact that this error is brought forward in the motion for new trial does not take the place of the objections required by article 1971, Vernon's Sayles' C. S., 1914. See, also, Panhandle & S. F. Ry. Co. v. Huckabee (Tex. Civ. App.) 216 S. W. 666; Poindexter v. Receivers, Kirby Lumber Co., 101 Tex. 322, 107 S. W. 42. The objection, therefore, to the finding of the jury, upon the value of the tractor, that there was no evidence to support it, is overruled.

Upon the questions raising the sufficiency of the evidence, we hold that taking all the facts and circumstances in evidence into consideration, the jury had a basis upon which the various findings complained of could be made; hence we overrule such objections.

[4, 5] The fact that upon a single issue there is no direct contradictory testimony may be discounted by the testimony as a whole, furnishing a denial of the fact testified to by the witness. The jury are the exclusive judges of the testimony and the weight to be given it. They see the witness, observe his manner of testifying, and largely form their conclusions therefrom. Because a jury refuses, under such circumstances, to believe a witness, cannot necessarily be regarded prejudicial.

"The jury are not required to believe a witness, although he made a plain statement of what is not impossible, and it is neither impeached nor contradicted, but may discredit him on account of his manner of giving the testimony and attendant circumstances." Cheatham v. Riddle, 12 Tex. 112; Stitzler v. Evans, 74 Tex. 597, 12 S. W. 326; Galveston, H. & S. A. Ry. Co. v. Murray (Tex. Civ. App.) 99 S. W. 148; Burleson v. Tinnin (Tex. Civ. App.) 100 S. W. 350.

Especially is this rule applicable where the witness is interested in the result of the suit. I. & G. N. Ry. Co. v. Johnson, 23 Tex. Civ. App. 160, 55 S. W. 772; Coats v. Elliott, 23 Tex. 613; Pridgen v. Walker, 40 Tex. 135, 136; Heierman v. Walker, 26 Tex. Civ. App. 491, 63 S. W. 657; Alamo Fire Ins. Co. v. Heidemann (Tex. Civ. App.) 28 S. W. 910;

Gulf, C. & S. F. Ry. Co. v. Batte (Tex. Civ. App.) 107 S. W. 632.

Error is assigned by appellant because the verdict consisting of the jury's answer to special issue No. 28 (c), requested by plaintiff and defendant Avery Company, is in direct conflict with that part of the verdict consisting of the jury's answer to special issue No. 7 submitted by the court, in this: The jury found that Twichell's crop failure was not caused by the failure of the tractor to perform work according to representations made in the sale, and in answer to issue No. 28 (c) they found that Twichell's damage from the loss of his crop was due to Twichell's negligence in trying to operate the tractor under the condition of his incompetency. Appellant claims that these two findings cannot both be true; that if Twichell's crop loss was not due to the failure of the tractor to operate, his loss could not be due to his negligence in attempting to operate the tractor when he was incompetent to do so.

But issue No. 28 (a) propounded to the jury the question of Twichell's competency to operate the tractor, and the jury found that he was not competent. Issue No. 28 (b) is as follows: Was it negligence upon the part of Twichell, under the circumstances, to operate the tractor in question—which they answered, no. It will be seen that the answer to issue No. 28 (b) does not predicate Twichell's loss upon his negligence in operating the tractor. The further question, 28 (c), was such negligence, if any, upon the part of said W. D. Twichell, the proximate cause of the injury, was not answered, and no question was raised on the failure of the jury to answer it. Hence we overrule this objection.

[6] The objection of appellant that the jury having found that the tractor was worth only $600, the judgment rendered, therefore, was excessive, will be overruled. To what we have said above upon the question of the value of the tractor, we will add this: There was no evidence introduced upon which the jury could have found the value of the tractor; but appellant tendered to the court the issue substantially as given, requesting the jury to find the value of the tractor. There being no evidence to support such finding, the court should not have submitted such issue, and in rendering his judgment, could disregard the issue and the answer thereto; there being no pleading or evidence to support such finding.

"It is not true in all cases of conflicting answers by a jury, that a valid judgment may not be entered upon the verdict as a whole, but the conflict or contradiction in the answers must be with reference to material and controlling issues in the case, and, if the answers, as a whole, be such as to leave, without contradiction, all necessary, material and controlling issues found by the jury in favor of one

of the parties litigant, a judgment may properly be entered upon the verdict, notwithstanding conflicts or contradictions as to issues not controlling, or immaterial." Miller's Indemnity Underwriters v. Schrieber (Tex. Civ. App.) 240 S. W. 968 (writ denied).

And it is expressed in the case of Johnson v. Breckenridge-Stephens Title Co. (Tex. Com. App.) 257 S. W. 223, 228, that where there is no pleading or evidence to sustain a finding of the jury, and which manifestly ought not to have been submitted to them, such finding can be ignored by the court in the rendition of its judgment.

[7] The appellant's contention that there was no valid agreement to the extension of time of payment of the note sued on, because no binding contract was entered into, cannot be sustained. The evidence shows that Klinke, the plaintiff, agreed with Twichell that he would extend the due date of the note for one year, if Twichell would pay the interest. Klinke extended the time of payment, upon such promise. The Supreme Court, in passing upon the question of the release of a surety by an extension of the time of payment of a note, has held that an agreement between such principal and the payee, that the principal would pay the interest during the time extended, is binding without additional consideration. Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128. In the case of Angel v. Miller et al., 16 Tex. Cr. App. 679, 39 S. W. 1092, Justice Rainey, for the Dallas Court, held, in following the Benson Case, that the promise to pay interest during the extended time is a sufficient consideration upon which to base the contract of extension. See, also, De Barrera v. Frost, 39 Tex. Civ. App. 544, 88 S. W. 476. Certainly this is true where the extension is granted and executed by the owner of the note. Leon County v. Vann, 86 Tex. 707, 27 S. W. 258. The note was payable December 12, 1918; such extension of one year would bring the due date to December 12, 1919. Plaintiff did not file his suit until September 1, 1920.

[8] Whether pleaded as a waiver, or as an estoppel by the plaintiff, and whether pleaded in his amended original petition, or by supplemental pleading, the extension contract was pleaded, and the facts fully set out. No exception was presented to the trial court, and properly brought before us, questioning the fact that this pleading was not in due order of pleading. Neither was the question raised in the trial court or presented that the facts set out a mere waiver, and not an estoppel.

"While waiver is not, in the proper sense of the term, a specie of estoppel, yet, where a party to a transaction induces another to act upon a reasonable belief that he has waived, or will waive certain rights or options which he is entitled to assert, he will be estopped to insist upon such rights, remedies or options to the prejudice of the one misled. The doctrine of estoppel by waiver, it has been said, applies in any case, to determine the rights of the parties from the time when a mistake of law or of fact becomes known to the party whose rights are affected." 21 C. J. § 247, pp. 1240, 1241.

If the plea of estoppel by waiver is not presented in the due order of pleading, such question cannot be raised here, because no objection by way of exception was made to it on that ground. 21 C. J. § 1262, p. 1250.

[9] The extension of time granted by Klinke to Twichell constituted a binding contract and operates to purge the transaction of the fraud charged. The plaintiff Klinke, having executed his part of the contract, was placed in a worse position by reason of having deprived himself, for a period of one year, of his remedy to collect the note by suit, and we hold he was entitled to plead waiver of any pre-existing fraud charged. National Bank v. Carper, 28 Tex. Civ. App. 334, 67 S. W. 188, 191, 192. This last case cited, it is true, lays down the rule as being applicable to a new note which was given in the transaction, but we see no reason for making any distinction between the granting of an extension of time and the giving of a new note—each operates to defer the payment of an original obligation. See, also, Hunter, Evans & Co. v. Lanius, 82 Tex. 686, 18 S. W. 201.

Appellant contends that even if he is not permitted to defeat plaintiff's cause of action by reason of being precluded from setting up the fraud of plaintiff, yet he is entitled to his damages suffered by him in being fraudulently caused to buy the defective tractor. This would be true in a proper case, but in this case the issues submitted to the jury and answered by them conclude his right to assert any claim for damages.

Pending the trial of the case, Mr. Alex Lumpkin, counsel for plaintiff Klinke, in open court, and in the presence of the jury, made the statement that plaintiff had agreed not to take judgment against the surviving widow and heirs of F. J. Trigg, deceased. This statement, when made, was not in any manner objected to. Thereafter the trial court submitted to the jury the issue as to the value of the tractor. The jury, in the discussion of the case in the jury room, considered this action of plaintiff in agreeing not to take judgment against the Triggs. It appears only inferentially from the record that any sum was mentioned by plaintiff's attorney, as a basis of the settlement with the Trigg heirs; but in some manner the information got to the jury that $300 was the amount of the settlement, and was so considered by them as being the amount paid in such settlement. The evidence shows that the consideration given to this agreement to settle was given to the jury upon the issue of the value of the tractor. It appears that

they concluded that if plaintiff was willing to take $300 from the Triggs, who were jointly liable with Twichell on the note, such sum would represent one-half the value of the tractor.

[10, 11] The jury should not, in their deliberations, consider any extraneous matter, and, when it appears that it is even doubtful as to whether an extraneous influence has affected the verdict of the jury, the courts will not permit such a verdict to stand. Hines v. Parry (Tex. Com. App.) 238 S. W. 886. But the case here presented is not one where the jury's verdict upon a controlling issue in the case was influenced by any outside evidence. The value of the tractor not being in evidence, and that issue not being, as a matter of law, before the jury for their consideration, the consideration by them of the settlement with the Triggs could and probably would affect their finding upon the issue wrongfully submitted to them, but does not appear to have influenced their finding upon any other issue. We do not concede that the statement of the attorney as to the disposition of the case against the Trigg heirs was not proper. They were parties to the suit, and the suit against them must have been disposed of in some manner. But we are simply considering the question as it appears to have been introduced in the jury room, and of its effect on their deliberations. The defendant Twichell was not asking for any judgment over against his codefendants, the Trigg heirs. When plaintiff's attorney made the announcement to the court that plaintiff would not ask for judgment against the Trigg heirs, this was notice to Twichell that his codefendants had been released from liability on the note. He then had the right to stop the trial, withdraw his announcement of readiness for trial, and ask for a continuance, that he might have time to prepare and file pleadings applicable to the new case thus presented against him. Or he could have asked leave to file a trial amendment setting up the release of his codefendants as a defense to the payment of one-half of the note by them. This he did not do. As far as a jury's verdict being influenced by the settlement with the Trigg heirs is concerned, as stated above, it does not appear that it was influenced upon but one issue, apparently in an effort to aid defendant Twichell, and that issue being an issue not properly in the case. They were nowhere to find any sum due by Twichell under any issue submitted.

[12, 13] We refuse to sustain appellant's proposition that error was committed by the jury in finding that the tractor in controversy furnished adequate power to pull a 7-foot disc, when they intended to find to the contrary. The trial court heard evidence upon this contention. In appellant's brief, one juror is quoted as saying that his intention was to find that the representation that the tractor would furnish adequate power to pull a 7-foot disc was false, and that the verdict as entered was incorrect upon that point; possibly another may have so testified. We think the trial court should not have permitted the juror to impeach his verdict. The court was exceedingly careful in his reception of the verdict. He read the questions aloud to the jury, and the clerk read their answers, and the court asked the jury specifically if that was their verdict, and they answered that it was. It also appears that the jury checked over their answers carefully before being called into court, and they informed the court that such answers so written was their verdict. The only error committed by the trial court, in this matter, was in permitting the evidence to be heard, and in considering the effort to impeach the verdict at all. His precaution, his carefulness in the reading of the verdict to the jury, and having them to verify it before he would accept it, was the very extreme of prudence, and is to be commended.

It has been held that a unanimous mistake of a jury in the matter of a clerical error in transcribing the verdict may be shown. Caylet v. Houston, etc., Ry. Co., 113 Tex. 131, 252 S. W. 478. But where it is not clearly shown that the jury, as a whole, did make a mistake in writing the verdict, the effect of the verdict cannot be thus changed.

The rule laid down in the case of Little v. Birdwell, 21 Tex. 612, 73 Am. Dec. 242, has been generally followed in this state. In that case it is said:

"The generally received doctrine is that affidavits of jurors shall not be received to impeach their verdict. And for the obvious reason that it would open a door for tampering with jurors, and would place it in the power of a dissatisfied or corrupt juror to destroy a verdict to which he had deliberately given his assent under the sanction of an oath. * * * The better opinion is that they ought not in general, to be admitted to impeach the verdict, and, if received at all for that purpose, it ought to be only under special circumstances."

Our ruling in this respect is also supported by the following decisions, among the many that have been published in the law books in this state, viz.: S. C. S. W. Ry. Co. v. Ricketts, 96 Tex. 68–71; Willingham v. Brown (Tex. Civ. App.) 163 S. W. 109; Jacobson v. Van Syckel (Tex. Civ. App.) 248 S. W. 124; McIntosh v. Atchison, T. & S. F. Ry. Co. (Tex. Civ. App.) 192 S. W. 285; Crosby v. Stevens (Tex. Civ. App.) 184 S. W. 712.

Believing, therefore, from a careful consideration of the record and of appellant's propositions and assignments of error, that no reversible error was committed by the trial court, we affirm the judgment of said court.

JACKSON, J., not sitting.